*In the matter of the Petition of* GEORGE A. BECKWITH *for a Writ of Habeas Corpus.*

CASES, *Followed.* *Chapsky v. Wood,* 26 Kas. 650, and *In re Bullen, Petitioner,* 28 id. 781, followed.

### Original Proceeding in Habeas Corpus.

PETITION, filed January 6, 1890. The opinion, filed on February 8, following, states the material facts.

*Keller & Noble,* for petitioner.

*Grove R. Beckwith,* respondent, for himself.

*Per Curiam:* This is an application in *habeas corpus* brought in this court by George A. Beckwith, for the possession of his minor child, Leonard N. Beckwith, aged thirteen years. George A. Beckwith resides at Malta, Ohio. Grove R. Beckwith, who has the custody and control of Leonard N. Beckwith, resides at Holton, in this state. He is a son of George A. Beckwith, and a brother of Leonard N. On or about the 8th day of November, 1888, Grove R. Beckwith visited his father's home in Ohio, and finding his mother, Sarah L. Beckwith, in poor health, with the consent and approval of his father brought her and his brother Leonard N., and his sister Fannie, to Holton at his own expense. The mother died, at Holton, on the 9th of August, 1889. A short time before her death

she requested her son Grove R. to keep the custody and control of his brother Leonard N., and to properly care for and educate him, and not allow him to return to his father in Ohio. This Grove R. Beckwith promised to do. After the death of his mother, Grove R. applied to the probate court of Jackson county to be appointed guardian of the person and estate of Leonard N. Beckwith, and on the 27th day of August, 1889, the probate court of Jackson county appointed him his guardian.

On the 29th day of August, 1889, George A. Beckwith came to Holton and stated to his son, Grove R., that he had come to obtain possession of Leonard N. Grove R. then told him he promised his mother in her last illness, and after she knew she was approaching death, to keep and care for Leonard N., and in pursuance of that promise and at Leonard's request, he had been appointed his guardian. George A. then applied to the probate court for an order requiring Grove R. to give an additional bond in the sum of $500, conditioned that he would care for and educate Leonard N. without charge to him. Pending this application, and before any order was made by the probate court, Grove R. voluntarily gave the additional bond, which on the 30th day of August, 1889, was filed and approved by the probate court.

George A. Beckwith is by occupation a drayman. He is a poor man, living in a rented house. He is somewhat intemperate in his habits, and often uses vulgar and profane language in his family. He has living with him in Ohio one son and one daughter, both nearly of age. His daughter expresses her intention of leaving her father, and of coming to Kansas as soon as she is of age. Grove R. Beckwith is a young man of about twenty-five, of good business habits, sober and industrious. He is clerking in a drug store, and is living in Holton, having with him two of his sisters. One teaches school, and the other takes care of the house, and does the work for the family. Grove R. and his sisters in Kansas are very much attached to their younger brother, Leonard N. Grove R. is willing and anxious to retain the custody of

his brother, and will support and educate him until he is capable of taking care of himself. He has given a bond of $500 to relieve the father from all expense for his board, clothing, and education. Leonard N. expresses a decided preference to remain in Kansas with his older brother. It has already been decided in this court that—

"A parent's right to the custody of a child is not like the right of property, an absolute and uncontrollable right. It will never be enforced where its enforcement will obviously destroy the happiness and well-being of the child." (*Chapsky v. Wood,* 26 Kas. 650.)

It has further been decided by this court that—

"Above all things, in a case like this, the paramount consideration is, what will promote the welfare of the child?" (*Chapsky v. Wood,* supra; *In re Bullen,* 28 Kas. 781.)

After considering all the testimony presented in the case, we do not believe that the welfare of Leonard N. will be promoted by his being taken away from Grove R. Beckwith, and given to his father to be taken to Malta, Ohio. He is being well taken care of by his brother and sisters at Holton; he is going to school, and is surrounded by good influences. Not believing it to be wise or proper to advise or consent to a change in the custody of the minor, the petition of George A. Beckwith will be denied, and Leonard N. Beckwith will be remanded to the custody and control of his brother, Grove R. Beckwith.

George A. Beckwith, the petitioner, must pay the costs of this proceeding.