## TSCHETTER v. RAY.

Where an election contest depended on the number of ballots cast at the election and how they were marked, it was improper in preparing findings of fact to include the evidentiary facts by which a foundation for the admission of the ballots and the opening of the ballot boxes was laid, under the rule that only ultimate as distinguished from evidentiary facts should be found.

Where evidence was introduced to show who had been in custody of ballot boxes and envelopes containing the keys since the election, and where and how the same had been cared for, to lay a foundation to admit the ballots in evidence, the boxes and the envelopes containing the keys were not subject to objections relating to matters that could be ascertained only by inspection of them, though their condition on examination might be such as to render the ballots inadmissible.

In an election contest, it was proper for the court to open ballot boxes and inspect the contents in order to assist it in determining the competency of the ballots as evidence.

Where, in an election contest, neither the printed record nor the bill of exceptions containing any statement relating to the condition of the contents of the ballot boxes when opened, it should be presumed, for the purposes of the appeal, that an examination of the ballots revealed nothing to throw suspicion on the purity of the ballots.

Under the statute providing that a voter may designate the person for whom he desires to vote by placing a cross in the circle at the head of the ticket containing the name of such person, or by placing the cross in the circle at the left of such name, ballots marked with a cross at the right of the name of a candidate were void.

(Opinion field, February 14, 1912.)

Appeal from Circuit Court, McCook County. Hon. Joseph W. Jones, Judge.

Election contest by Jacob Tschetter against C. A. Ray. Judgment for plaintiff, and defendant appeals. Affirmed.

A. E. Hitchcock, for appellant. L. L. Fleeger and E. H. Wilson, for respondent.

WHITING, J. This is an election contest brought to determine who was elected mayor of the city of Bridgewater; the only issue raised by the pleadings and demanding our attention rests upon the allegation that several ballots, marked with the cross at the right of defendant's name, were wrongfully counted and canvassed for the defendant. It is conceded that, according to the count of the judges of election as convassed by the canvassing board, it appeared that the defendant received 96 votes and the plaintiff 95, and a certificate of election was issued in accordance therewith. The trial court found that, of the 96 votes counted and canvassed as for defendant, five "were marked with a cross at the right of the name of the defendant, and had no cross or mark at the left and in front of the name of defendant, where the name of defendant appears on said ballot"; and, as a conclusion of law therefrom, the court found that the defendant received only 91 votes. Judgment entered for plaintiff, and from this judgment defendant has appealed to this court.

In appellant's brief, he pleads but two questions as covering all of the errors assigned: (1) Alleged error in the court's admitting in evidence the ballot boxes, opening the boxes, and counting ballots contained therein. (2) Alleged error in the court's conclusion that the five ballots, marked with a cross at the right of defendant's name, should not be counted for defendant.

[1] In passing upon the first question we desire to call attention to an error in practice frequently brought to our notice by the records of this court. Counsel, in preparing findings of fact, should always bear in mind that the facts concerning which findings should be made, are those ultimate facts upon which the judgment must be based. In the case at bar, excepting such facts as were conceded, the ultimate facts sought to be shown by the plaintiff, and the facts upon which plaintiff's case must either stand or fall, were the number of ballots cast at the election and how such ballots were marked. From such facts, when determined, the court could render its conclusion as to the number of votes received by each candidate. To prove these ultimate facts the plaintiff desired to offer in evidence the ballots cast. Preliminary thereto it was incumbent upon him to lay a proper foundation for such offer by showing how the ballots had been preserved after same were cast. There was offered and received considerable evidence touching upon the ballot boxes and envelopes containing keys to such boxes, and as to how the same had been cared for, and we find that the trial court made detailed findings of fact in relation to these matters. Clearly, such findings have no proper place in the record, being merely upon matters touching the competency of the receipt in evidence of the proof of the ultimate fact. The real issues raised and determined upon the trial would often appear clearer to us if such superfluous findings were eliminated. 38 Cyc. 1970.

[2] Appellant objected to the introduction in evidence of the ballot boxes and envelopes containing the keys. At the time the boxes and envelopes were offered, evidence had been received to show who had been in custody of the boxes and envelopes since election, and where and how the same had been cared for. The

objections interposed to the receipt of these exhibits were directed almost entirely to matters that could be ascertained only by an inspection of the exhibits themselves—such as how the boxes and envelopes were sealed and condition of same. It is clear that such objections were not well taken to the receipt in evidence of the boxes and envelopes, though the condition of such exhibits might, upon examination, be such as to render the ballots inadmissible in evidence. While the evidence showing where and how the boxes and envelopes had been cared for since election showed lack of that proper care that should be given such boxes and envelopes, yet we believe the trial court was fully justified in receiving such exhibits for the purpose of ascertaining what these exhibits themselves would tend to prove.

[3] The appellant, assigning error, states, "The court erred in opening ballot boxes received in evidence, * * * and counting the ballots contained therein," and he further states that the same objections were made thereto as were made to the receipt in evidence of such ballot boxes. It was certainly proper for the court to open the boxes and inspect the contents, in order to assist the court in arriving at a conclusion concerning the competency of the ballots as evidence. If the right number of ballots were in the boxes, and the court found nothing suspicious in the appearance of the contents of either box, it certainly would strengthen the claim that the ballots should be received in evidence; while if the boxes had been tampered with, the contents thereof might have disclosed that fact.

[4] Neither the printed record nor the bill of exceptions contains any statement relating to the condition of the contents of such boxes, and therefore, for the purposes of this appeal, it must be presumed that an examination thereof revealed nothing throwing suspicion on the purity of the ballots. That being true, we believe the trial court was, under the whole record, justified in receiving in evidence the ballots.

[5] Should the trial court have counted the five ballots marked with a cross at the right of the name of defendant as ballots cast for defendant? The only finding in relation to these

ballots has been hereinbefore quoted. It is, however, claimed by the appellant, and is conceded in respondent's brief, that, at the left of appellant's name as it appeared on such ballots, there was no printed circle as required by the statutes of this state, but in place thereof there was a square. Waiving any question as to whether this court should consider a fact which if material should have been noted in the finding quoted, we will consider the ballots as though they were in the form stated by appellant. Appellant seems to rely upon section 1915 of the Political Code. So far as the record shows, this section has no application to the case at bar, and, if it did, it would have to be construed in connection with the other sections of the act, from all of which it clearly appears that the only method known to our statute, by which a voter can designate the person for whom he desires to vote when he does not designate the same by placing a cross in a circle at the head of the ticket containing the name of such person, is by placing a cross at the left of the name of such person, which cross should be placed in a circle at the left of such name. If the square upon these ballots was not the proper place for the stamping of the cross, then there would be no way of legally expressing a choice for any candidate unless there was a circle at the head of the ticket, a fact which does not appear. The decisions of this court, from those of Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180, and McKittrick v. Pardee, 8 S. D. 39, 65 N. W. 23—in both of which this court held directly that a cross to the right of a name was a nullity—down to Treat v. Morris, 25 S. D. 615, 127 N. W. 554, hold that, while election officers and courts should try to ascertain the intent of the voter and give effect to such intent if it appears that the voter has in good faith attempted to express such intent in the manner required by our statutes, yet, no matter how clear the intent may be, if it is expressed in a manner forbidden by law, the ballot, so far as illegally marked, must be rejected. As was well said in Truelsen v. Hugo, 81 Minn. 74, 83 N. W. 501: "It is conceded that the intent of the voter should prevail, but, the question is as to how he must express or indicate that intention by his markings on the official ballot. The appellant contends that every ballot should be

counted, if it can be clearly ascertained from the face thereof for whom the same was intended, regardless of the method or manner in which the same is marked, unless the counting of such ballot is expressly or by necessary implication of law prohibited. * * * The broad rule contended for by appellant would open wide the door to a violation of one of the main features of our election law—the feature intended to prevent electors from so marking their ballots as to indicate that they had voted according to contract. To prevent this, a method and manner of marking are expressly designated. * * * If the intent of the voter is to control, regardless of the manner of indicating it, then there need be no attempt to comply with the requirements of the statute at all. Such is contrary to the purpose and intent of the law, and we adopt the view that the intent of the voter, to be effective, must be indicated and expressed substantially in the manner as provided by statute, or at least in a bona fide attempt at compliance therewith."

The judgment of the trial court is affirmed.