ALTHEN, Appellant, v. FOWLER, Respondent.

(152 N. W. 337.)

(File No. 3776.    Opinion filed April 28, 1915.    Rehearing denied
May 7, 1915.)

1.   **Elections—Election Contest—Ballot Boxes, Offer of, With Con-
     tents, in Evidence, Admissibility—Admissibility of Contents.**
     Where, in an election contest, contestant showed the disposi-

tion of the ballot boxes at the close of the election canvass and the care of the boxes from that time until the trial, though one of the boxes had been improperly opened by the county auditor, **held**, that, while an offer in evidence of the boxes together with the poll books and ballots contained therein, with request that the court order the same opened and the ballots counted was, as against the objection that no proper foundation had been laid for the offer of the ballot boxes only, improper, it is error to refuse to admit in evidence the boxes and allow them to be opened, leaving the matter of counting the ballots to be determined thereafter when properly presented; and that submitting of the contents of the boxes to inspection and the several other things asked for were separable in nature.

2. Elections—Contest—Improperly Opened Ballot Boxes, Admissibility.

Where, in an election contest, evidence showed one of the ballot boxes was improperly opened by the county auditor, **held**, that, in view of the explanation offered, the trial court erred in refusing a re-count of the ballots contained therein, if, upon examination of said contents, nothing additional tending to throw suspicion thereon was disclosed.

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by John Althen, Jr., against Charles Fowler, to contest an election. From a judgment for defendant, plaintiff appeals. Reversed.

The evidence showed, in substance, that the ballot boxes in question had been opened but once, viz., at the time and place when the canvassing board met; that the ballot boxes were not delivered to the chairman of the Board of County Commissioners, but were delivered to the county auditor; that the keys were not delivered to the chairman of the county board until sometime after the canvass; that during part of the time the key to the vault in the county auditor's office was in possession of the chairman; and there was dispute as to whether one of the attorneys for respondent was ever in the room in which the ballot boxes were deposited while they were there; also that the boxes were not sealed by the canvassing board, and that the county auditor had opened the ballot boxes for the purpose of making a copy of a registered list then in his office, and that the boxes had been kept in an unlocked room accessible to the general public

from the date of completion of the canvass, to date of commencement of contest.

*Frank W. Mitchell,* and *Lauritz Miller,* for Appellant.

*A. E. Hitchcock,* and *Spangler & Haney,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Coghan v. Beard, 7 Pac. 738 (Cal.); Dorey v. Lynn, 3 Pac. 557, (Kans.); O'Gorman v. Richter, 16 N. W. 416, (Minn.); People ex rel. Dailey v. Livingston, 79 N. Y. 279; People v. Higgins, 3 Mich. 233; Secs. 1939, 1931, Political Code; O'Gorman v. Richter, 16 N. W. 416( Minn.); Howser v. Pepper, 79 N. W. 1018 (N. D.).

Respondent cited: McMahon v. Crockett, 12 S. D. 11; Pol. Code, Secs. 1931, 1939.

(2) Under point two of the opinion, Appellant cited: Hudson v. Solomon, 19 Kan. 177; Budd v. Holden, 28 Cal. 124; Dorey v. Lynn, 3 Pac. 557 (Kan.); Tschetter v. Ray, 28 S. D. 604, 134 N. W. 796; Hudson v. Solomon, 19 Kan. 177; People v. McClellan, 84 N. E. 68 (N. Y.).

WHITING, J.   This is an appeal from an election contest wherein the contestant sought a recount of the ballots cast in certain precincts. After introducing evidence showing the disposition of the ballot boxes at the close of the canvass of the votes by the election judges of the several precincts, as well as the care of such boxes from such time until the trial of the cause below, contestant offered each box in evidence, together with "the poll book and the ballots therein contained, and asks that the court order the same opened and the ballots counted." Respondent objected to each of said offers because no proper foundation had been laid to the introduction of the ballot box in evidence; because the ballot box had not been delivered into the care of the proper official by the election judges; because such box had not been kept properly locked at all times; because the key to the box had not been timely delivered to the proper custodian; because the box had not been kept in a secure place; because such box had not been so cared for as to keep it above suspicion in a contest case; and because there was no allegation in the notice of contest under which the said box or the ballots, as contained in said exhibit, would be competent evidence. The objections were sustained; findings and judgment were entered for the respondent

below; and from such judgment and order denying a new trial, this appeal was taken.

[1] The only question presented to us is the correctness of the above rulings. The record fails to show upon what ground the objections were sustained. It will be noted that the objection that no proper foundation had been laid was directed to the offer of the ballot box only. While the evidence showed that the statutes had not been strictly complied with in the care of the boxes, yet the care that had been given them was better than that given the ballot boxes referred to in Tschetter v. Ray, 28 S. D. 604 134 N. W. 796, wherein we held that the trial court properly received the boxes in evidence; we are clear that the objections interposed, so far as the same were directed to the receipt of the boxes in evidence, should have been overruled. Respondent concedes that if appellant had merely offered the box in evidence, and asked that th same be opened, the court would have been justified in receiving and opening the same. He says in his brief on file herein:

"It certainly would have been proper for the court to have done so, in this case, and this court will, we believe, presume that it would have done so if requested. On the other hand, it certainly would have been, in the highest degree, improper for the court to have decided that whatever was in the box was competent evidence without an inspection of the contents.

It will be noticed from the above quotation that respondent is attempting to justify the ruling of the court upon the ground that appellant was in error in asking that the ballots be received in evidence and counted, when, at the time of such request, no one knew what was in the boxes or the condition of their contents. While we think it would have been proper for the appellant to have offered the contents of said box together with said box for one purpose—to reveal whether the ballots had been so cared for as to entitle them to be received as evidence of the several voters' choice for the office in question—the appellant erred in asking the court, before it had inspected the ballots to ascertain whether their condition was such as to free them from suspicion, to rule upon whether it would count them. It will be noticed that this particular ground of objection was not suggested to the trial court by respondent; furthermore, we think that, while the trial court was justified in refusing to pass upon the

ballots themselves before an inspection thereof, the ends of justice demanded that it receive in evidence and open the several boxes, leaving the matter of the counting of the ballots to be determined thereafter when properly presented to such court; submitting the contents of the boxes to inspection and the several other things asked for by appellant were severable in their nature, and the court was not justified in refusing appellant that to which he was clearly entitled simply because he had included in his request something to which he was not then entitled.

[2] There was evidence showing that one of the ballot boxes had been improperly opened by the county auditor; we do not think this fact, in view of the explanation offered, was sufficient to have justified the trial court in refusing a recount of the ballots therein contained, if, upon an examination of the contents of such box, nothing additional tending to throw suspicion thereon was disclosed.

There was no merit in the claim that there were no allegations in the notice of contest under which the boxes or ballots would be competent evidence.

The judgment and order appealed from are reversed.

