HAGLUND, Appellant v. EGGE et al, Respondents.

(171 N. W. 212).

(File No. 4389.    Opinion filed March 12, 1919.)

1.  **Parent and Child—Custody, Care, Surviving Husband's Right Versus Maternal Grandmother—Paramountcy of Child's Welfare—Parent's Statutory Right, Construed.**

      Where, in a proceeding by habeas corpus by the father of a child to obtain possession of his five year old daughter who, since a few days after the child's birth and the death of its mother had been in custody and care of respondent, its maternal grandmother, in another state; relator having visited respondents and the daughter about once a year, and having remarried about two years after the child's birth, and having one child by his second wife; all parties concerned being of excellent character, and able, willing and ready to do what they think best for the child's welfare; held, construing Civ. Code 1903, Sec. 111, and Rev. Code 1919, Sec. 184, concerning parent's right to custody of his minor child, that while Sec. 184 gives the father paramount right to custody and control of the child, such right is not absolute, but is qualified so as to bend to whatever may be found for its best permanent interest; neither father nor mother having any rights that can militate seriously against its welfare; and under said statute and the facts shown, the father's right to the custody and control of the child is paramount to that of respondents, being maternal grandmother, aunt and uncle of the child.

28—Vol. 41, S. D.

2.  **Same—Custody of Minor, As Sacred Trust.**

Custody and control of a minor child is a most sacred trust cast by law, first on the father, and, upon his decease upon the mother; but the law reserves to itself, through courts of justice, power of careful supervision in its exercise. The legal dominion of a parent over the child is a qualified one, given for discharge of an important trust, in carrying out of which the paramount question always is, what is for best welfare of the child.

3.  **Same—Custody, Care of—Surviving Husband's Vague Contract With Maternal Grandmother for Custody, Effect.**

Where, in a proceeding by a surviving husband for recovery of possession of his minor child from the custody of its maternal grandmother, the application is resisted on the ground that the father made a contract with the grandmother consenting to her having care of the child; such contract being somewhat vague as to how far the parent surrendered control of the child thereunder, held, that the contract should be of little weight, and is not controlling when considered in connection with all surrounding circumstances.

Appeal from Circuit Court, Minnehaha County. HON. JOSEPH W. JONES, Judge.

Proceeding in habeas corpus by L. John Haglund, against Carrie (Karrie) Egge and others, to recover possession of relator's minor child. From a judgment denying the writ, relator appeals. Reversed and remanded with directions.

*Parliman & Parliman,* for Appellant.

*Caldwell & Caldwell,* for Respondents.

(1) To point one of the opinion, Appellant cited:

Engle v. Yorks, 7 S. D. 261.

Respondents cited:

Legate v. Legate, (Texas), 28 S. W. 281; Peese v. Gellerman, 110 S. W. 196; State Ex Rel. Thompson v. Porter, (Neb.) 112 N. W. 286; Stanford v. Gray, (Utah) 129 Pac. 423; Tyler on Infancy and Coveture, page 283.

(3) To point three, Appellant cited:

State v. Bryant, 145, N. W. 267; Hussey v. Whiting, (Ind.) 57 A. S. R. 2201; State v. Baldwin, 45 A. D. 399; In Matter of Scarritt, 43 A. R. 768; State Ex Rel Rennings v. Armstrong (Minn.) 169 N. W. 249.

Respondents cited:

Smidt v. Benenga, (Ia.) 118 N. W. 439; Burdick v. Kaelin, (Neb.), 136 N. W. 988, 40 L. R. A. (N. S.) 887.

McCOY, J.  This habeas corpus proceeding was instituted by the appellant to obtain the possession of his then five year old daughter from the respondents, who are the maternal grandmother, aunt, and uncle of said child.  Much testimony was submitted, and the court made findings and judgment denying the writ, from which judgment the father appeals.

[1] The child in question was born at the home of the appellant's mother in 1913, while appellant was residing upon a claim in the state of Montana.  A few days after the birth of the child, the mother died.  Since the death of the mother the child has resided with, been in the care, custody, and control of, the respondent Mrs. Carrie Egge, maternal grandmother.  During the time the child resided with the respondent grandmother appellant visited the respondents and his daughter about once a year.  In 1915 appellant remarried, and at the time of the hearing was the father of another child about the age of one year.  The appellant and respondents are all persons of unquestionable good Christian character; all are possessed of considerable means and valuable property; the respondent grandmother resides in the city of Sioux Falls; the appellant resides upon a farm in the state of Montana about 50 miles from the railroad, and about 3 miles from school and church.  It is the contention of appellant that he, as the father, is, under the provisions of section 111, Civil Code 1903, and section 184, Rev. Code 1919, as an absolute legal right, entitled to the custody of his said minor child; it not being shown that he is an unfit person to have the control and custody of said child.  Section 184 in substance provides that the father of a minor child is entitled to its custody, services, and earnings. While this statute gives the father a paramount right to the custody and control of his minor children, still we are of the view that the right is not absolute, but that it is a qualified right which must bend to whatever may be found to be for the best permanent interest of the child.  Neither the father nor mother has any rights that can be allowed to militate seriously against the welfare of the child.  20 R. C. L. 597; Mercein v. People, 25 Wend. (N. Y.) 64, 35 Am. Dec. 653; United States v. Green, 3 Mason, 482, Fed. Cas. No. 15,256; Corrie v. Corrie, 42 Mich. 509, 4 N. W. 213; Houghton v. Houghton, 37 S. D. 184, 157 N. W. 316; Re Sidle, 31 N. D. 405, 154 N. W. 277.

[2, 3] The custody and control of a minor child is a most sacred trust which is cast by law, first upon the father, and, upon his decease, upon the mother. But the law which thus bestows the right has reserved to itself, acting through the courts of justice, the power of careful supervision in its exercise. The legal dominion which the parent has over the child is a qualified one and given for the discharge of an important trust, and in the carrying out of such trust the paramount question always is: What is for the best welfare of the child? 20 R. C. L. 601. In re Edith Pryse, 85 Kan. 556, 118 Pac. 56, 41 L. R. A. (N. S.) 564; Washaw v. Gimble, 50 Ark. 351, 7 S. W. 389; People v. Porter, 23 Ill. App. 196; Drumb v. Keen, 47 Iowa, 435; In re Beckwith, 43 Kan. 159; 23 Pac. 164; Jones v. Darnall, 103 Ind. 569, 2 N. E. 229, 53 Am. Rep. 545; Chapsky v. Wood, 26 Kan. 650, 40 Am. Rep. 321; Tyler on Infancy, 283. In a case such as this, where all parties concerned are of excellent character, and all are able, willing, and ready to do what they think best for the child's welfare, it is not always a matter easy of decision.

Where it appears, as it does in this case, that the father is a person of good character, and where no reason or circumstance is shown to exist why he should not have the custody and control of his own child, we must hold, under the circumstances of this case, that his right is paramount to that of the respondents. It is contended by respondents that at the time of the death of the mother the appellant made a contract with the maternal grandmother whereby he gave his consent that she should care for said child. It does not appear that appellant unqualifiedly surrendered his custody and control by said contract. The provisions of the contract are somewhat vague in this respect. We are of the view that this contract should have but little weight, and should not be a controlling factor when considered in connection with all the surrounding circumstances. This was appellant's first child. Appellant and his first wife were then quite young. When the wife and mother died, it was impossible for appellant to personally care for this child. No one was better qualified for giving such care than one of the grandmothers. It was possibly a moral duty resting on one or both the grandmothers to care for this child, and the appellant no doubt assented to the maternal grandmother having the care and custody of the child for some indefinite time and

by reason of the force of the circumstances then existing. Now appellant has remarried. and has a home of his own. There is nothing appearing but what the present wife of appellant is a perfectly proper person to join with him in the custody, care, and control of this child. Under the circumstances of this case we are of the view that the appellant by reason of his paramount right should say and be allowed to determine who should have the custody, care, and control of said child. We are of the view, and so hold, that appellant should have been awarded the possession of said child.

The judgment and order appealed from are reversed, and the cause remanded, with directions to enter judgment in favor of appellant, the plaintiff, awarding him the custody, care, and control of said child.