HAGLUND, Respondent, v. EGGE et al., Appellants.

(174 N. W. 744.)

(File No. 4597.   Opinion filed November 8; 1919.)

1. **Appeal—Appeal from Judgment Entered Under Supreme Court Directions—Such Appeal as Petition for Rehearing, Tenability —Recall Remittitur, Non-jurisdiction Re.**

   Upon appeal from a judgment entered in circuit court pursuant to directions from Supreme Court on a former appeal, appellant confessing that the second appeal is dismissable because such judgment is non-appealable, appellant's contention that the second appeal may be considered as a petition for rehearing on a former appeal, and that remittitur should be recalled, is untenable, this court having no jurisdiction to recall it; this case differing from one where an appeal has been dismissed and appellant moved appellate court to vacate order of dismissal and to reinstate appeal. So **held**, where petition for rehearing was filed by the present appellants on former appeal, and denied. It is unquestioned that where decision as remitted does not through clerical error express real judgment of appellate court, it may recall remittitur to the end that the real judgment may be declared.

2. **Appeal—Rehearing Denied, Judgment Reversed, Judgment for Respondent Ordered, Appeal from Latter Judgment, Assigned**

**Error Thereunder Formerly Considered on Rehearing, Effect on Present Appeal.**

Where on an appeal from a judgment, it was reversed with directions to trial court to enter judgment for respondent, held, on appeal from the latter judgment, that error assigned on present appeal and which was considered on rehearing on original appeal, is unavailing on present appeal, which must be dismissed.

McCoy, J., not sitting.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by L. John Haglund against Carrie (Karrie) Egge, and others. From a judgment in favor of respondent, directed to be entered on a former appeal to Supreme Court, defendants appeal. Appeal dismissed.

*Caldwell & Caldwell*, for Appellants.

*Parliman & Parlimen*, for Respondent.

(1) To point one of the opinion, Appellant cited: Sec. 3144 and 3145, 1919 Code; Patten Paper Company v. Greenbay Canal Company, 93 Wis., 283, 67 N. W. 432.

Respondent cited: 3 C. J. 541; Company v. Company (Wis.) 66 N. W. 601; Company v. Anderson, U. S. 37, L. R. 717; Company v. Billings, U. S. 37 L. R. 986; Wilkins v. Earle, 46 N. Y. 358; Champeon v. Rice, 82 Pac. 359.

WHITING, J. This cause was before us upon a former appeal, our decision therein being reported in Haglund v. Egge, 41 S. D. 433, 171 N. W. 212. We reversed the judgment of the trial court, and directed such court to enter judgment for plaintiff, the then appellant. From the judgment entered by the trial court, in strict compliance with the directions of this court, the present appeal was taken by defendants. Plaintiff moved the dismissal of such appeal. Upon the return day of such motion, we directed counsel to file briefs upon the questions:

"(1) Whether appeal is proper remedy. (2) If so, should appeal be dismissed, if judgment of trial court conforms to judgment of this court?"

[1] Appellants now come into court and frankly confess that their appeal must, under all authorities, be dismissed, be-

cause the right to appeal to this court does not lie from a judgment entered in pursuance of the decision of this court— such a judgment being, in effect, the judgment of this court. But appellants ask us to consider this present appeal as a petition for rehearing in the former appeal, and they ask us to recall the remittitur of this court, transmitted to the trial court upon the determination of such former appeal. As authority for so doing they cite the case of Patten Paper Co. v. Green Bay Canal Co., 93 Wis. 283, 67 N. W. 432. In that case an appeal had been dismissed, and the appellant moved the appellate court to vacate the order of dismissal and to reinstate the appeal. The court said:

"We have no doubt that this court has retained jurisdiction over the case, especially as the papers in the case have been retained, by the direction of the court, for the purposes of this motion."

[2] Such is far from the status of the cause before us. The decision in this cause was handed down March 12, 1919. A petition for rehearing was filed April 11, 1919, by the same parties that are now asking us to consider this abortive appeal as a second petition for rehearing. Such rehearing was denied June 24, 1919, and the remittitur transmitted to the trial court. The present petitioners now urge but one alleged error in our decision in this case. This same alleged error was urged upon the regular petition for rehearing and was fully considered by the court. We do not question but that, upon certain grounds— such as where the decision as remitted does not, through some clerical error, express the real judgment of our appellate court— such court may recall a remittitur, to the end that the real judgment of the court may be declared. We hold, however, that this court has no jurisdiction to recall the remittitur herein, which remittitur did convey the true determination of this court.

The motion to dismiss the present appeal is granted.

McCOY, J., not sitting.