ASHMORE, Appellant, v. HEDBLOM, et al, Respondents.

(268 N. W. 429.)

(File No. 7905.   Opinion filed July 11, 1936.)

*Van Slyke & Agor,* of Aberdeen, for Appellant.
*E. B. Harkin,* of Aberdeen, for Respondents.

WARREN, J.   An application was made to the circuit court of Brown county by one William Lloyd Ashmore, as the father of and natural guardian of Leverne Owen Ashmore, for a writ of habeas corpus against Peter J. Hedblom and Hannah Hedblom, his wife.   The Hedbloms are the maternal grandparents of the child.   The petitioner sought an order of the court directing the

Hedbloms to turn the child over to his custody and care. The defendants filed an answer to the writ and the matter came on for trial.

William Lloyd Ashmore, the petitioner, and the deceased, Gladys Evelyn Ashmore, were married on the 4th day of June, 1930, at Aberdeen, S. D. After a short honeymoon, the couple went to Ellendale, N. D., to make their home. They spent a few nights in the home of the husband's mother, and then moved into an apartment of their own. On the 1st day of August, 1930, the deceased, Gladys Evelyn Ashmore, returned to Aberdeen to the home of her parents. On the 24th day of January, 1931, a child was born to the deceased, Gladys Evelyn Ashmore. Both the child and the mother made their home with the mother's parents, the defendants of this action. They remained in the home of defendants, as members of the family, until a few months before the death of Gladys Evelyn Ashmore on January 21, 1935.

On March 11, 1933, William Lloyd Ashmore and Gladys Evelyn Ashmore were, upon application of the husband, divorced; the decree being granted by a North Dakota court. In granting the divorce, the North Dakota court awarded the custody of the minor child to the mother, Gladys Evelyn Ashmore, and also decreed that William Lloyd Ashmore was to pay certain sums of money for the support of said child.

The evidence concerning what affection and love William Lloyd Ashmore had for his child, and in what manner and amount he contributed to his support, both before and after the divorce, is conflicting. However, the trial court made findings of fact to the effect that the said William Lloyd Ashmore had shown little and possessed little love and affection for his child; that he had contributed but meager amounts to his support, both before and after the divorce; that he was not able to properly support the child at the present time; and that he was not a suitable person to have the care and custody of said child. The court made further findings to the effect that the defendants were suitable persons to have the care of this child, and that they were able and willing to furnish him a home. The court made conclusions of law to the effect that the death of Gladys Evelyn Ashmore did not revive in William Lloyd Ashmore any right to the custody of

the child, Luverne Owen; that the defendants should be awarded the sole care and custody of said child; and that the writ of habeas corpus should be denied. Judgment was accordingly entered.

The petitioner moved for a new trial. The motion for a new trial being denied, the petitioner has now appealed from the judgment and the order denying the motion for a new trial.

Appellant urges eight different assignments of error. Of these eight assignments of error, seven cannot be considered of sufficient importance to warrant a reversal. The eighth, assignment of error No. 6, deals with the insufficiency of the evidence to support the findings of fact, rendered by the trial court. In passing upon the sufficiency of the evidence to justify the findings, conclusions, and judgment, this court has made a careful examination of the record. We must conclude that there is sufficient evidence to justify the trial court in deciding the issues of this action as it did. In determining the question of who shall be considered a fit and proper person to have the custody and care of a minor child, the opportunity of observing the appearance and demeanor of the parties under consideration is of great importance. The trial court had this opportunity, while this court has not. In view of this opportunity which was afforded the trial court, and the deductions it drew therefrom, and considering the evidence produced upon trial to support these deductions, and the absence of any specific reversible error, this court cannot but hold that there was sufficient evidence produced upon trial to justify the trial court in making findings of fact and conclusions of law, and rendering judgment as it did.

The judgment and order appealed from are affirmed.

POLLEY, P. J., and ROBERTS and RUDOLPH, JJ. concur.
CAMPBELL, J., not sitting.