**TANNER, Plaintiff-Appellant, v. TANNER,
Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3770.   Decided June 21, 1945.

Frank H. Ward, Columbus, for plaintiff-appellant.
James F. Decker, Columbus, for defendant-appellee.

**OPINION**

By HORNBECK, P. J.

This is an appeal from orders of the Court of Common Pleas, Division of Domestic Relations.

The essential facts to an appreciation of the question presented are that the plaintiff and her husband, William Tanner, were parties to a divorce case in which she was the plaintiff. A decree of divorce was granted to the plaintiff but the custody of their four children was awarded to the defendant. Later, he died and thereafter plaintiff made application under the original action for divorce for the custody and control of the minor children. The form and language of this application is not in the transcript of docket and journal entries, but it is recited as having been made in the entry determining the custody of the children. The custodial entry recites that upon the evidence adduced the Court finds that the plaintiff is not a fit and proper person to have the custody and control of the four minor children, and further that it would be for the best interest of the children to award their custody and control to four persons who are named and who appear on this appeal as appellees and custodians of the children.

Within three days plaintiff, who since the divorce decree has married and whose name is now Retha Jones, by motions sought a new trial and to have the custodial decree set aside. In the motion for new trial plaintiff asserted that she was appearing only for the purpose of raising the question of jurisdiction of the Court to make the custodial order and in both motions she asserted that the order was contrary to law.              ....

The motion for new trial was sustained and the cause came on for hearing to the judge of the Domestic Relations Court. The bill of exceptions made upon this hearing is before us and consists only of statements of counsel and the Court's presentation of authorities and argument. The Court advised counsel for the plaintiff that he would hear testimony touching the fitness of the plaintiff to have the custody of her children, but counsel elected to stand upon his claim that the Court was without jurisdiction to determine the question of custody against the right of the plaintiff. The Court then overruled both motions and from this action the appeal is prosecuted.

The one question urged in the trial court is made the basis of the appeal, namely, that upon the death of plaintiff's former husband, William H. Tanner, Jr., the Court in which the divorce proceedings were had lost all jurisdiction to make an order which would take from the plaintiff her right to the custody of her children which right arose upon the death of her husband.

Appellant cites and relies upon two sections from **14 O Jur Section 138, page 541,** and **Section 147, page 551,** the first of which is:

"The jurisdiction of courts to award the custody and control of minor children to one of the parents in a divorce or alimony proceeding, being merely incidental thereto and operating only inter partes, terminates upon the death of either of the parents, and the surviving party is thereby, relegated to his or her natural rights with respect to the custody of such children." Citing **Weiss v Fite, 19 Oh Ap 309;** Re Gerbig, 11 O. N. N. S. 529.

The latter section is:

"A decree awarding the custody of children in a divorce or alimony proceeding terminates upon the death of either of the parents, and the natural rights of the surviving parent, which have in the meantime been merely held in abeyance, are thereby revived." Citing the aforementioned cases and also Re Lutkehaus, 22 O. N. N. S. 120.

The plaintiff may not be heard to question the jurisdiction of the Court which made the order to which she objects, if it had power to accept the jurisdiction, for two reasons, by her application for a custodial award, and by the motion for a new trial she invoked the jurisdiction of the Court.

We may concede that the decree awarding the custody of the children to the husband ceased to be effective upon his death and that thereupon the plaintiff, the mother of the children, prima facie had the right to their custody, but the actual custody was in others. Therefore, she, to regain it, was required to take some legal action. She could have instituted proceedings in habeas corpus which action would logically have been lodged in the Common Pleas Court. The judge of the Court of the Division of Domestic Relations is a judge of the Common Pleas Court and we have held in Miami Conservancy District v Silvey, 8 Abs 668, that, although not ordinarily exercised, the Court has jurisdiction over and beyond that which is commonly understood as being included in the term "domestic relations".

Counsel for plaintiff claims something for the fact that the case had not been certified to the Court of the Division of Domestic Relations. Sec. 8034-1 GC relates to certifications of cases involving the award of the custody of minor children to the Juvenile Court which Court did not elect to act here.

If habeas corpus had been instituted the Court probably would have done nothing more than to determine whether or not the plaintiff was entitled to the writ, but such determination would be made upon the application of the same principles as were controlling upon her application for an order in the original divorce case.

An examination of the authorities cited, we believe, goes no further than to announce the principle respecting the right of a surviving parent to children which we have heretofore indicated. It is announced in the second and third syllabi of Weiss v Fite, supra, and the second, third, fourth and fifth syllabi of In re Coons, 20 O. C. C. 47, and in the syllabus of In re Lutkehaus, supra. The most exhaustive discussion of the subject is found in an annotation to Lecerc v. Lecerc, (N. H.) 74 A. L. R. 1352. Among other citations is found In re Hampshire, 17 Oh Ap 139, which expressly holds that where one of the parties to whom custody of their children had been awarded died, the surviving party had no right to the custody of the children until and unless the custodial order is modified in the Court entering the original decree. It is not necessary for us to determine whether or not this decision or Weiss v Fite, supra, which is in conflict with it, is controlling because there is no doubt that the Common Pleas Court had jurisdiction, whether in the original action or by separate proceedings, to act upon the application of the plaintiff to deter-

mine whether or not she was entitled to an award granting her custody of her children.

We find no authorities which hold that this right is absolute but that the question presented to the Court without respect to the form of the proceeding is primarily what is for the best interest of the children. In Ohio under specific statute, §8033 GC defines what is to be controlling upon the Court in determining what is for the best interest of the children. While this section is set up particularly to control custodial orders during divorce hearings and after divorce decrees, it is persuasive, if not controlling, of the test which the Court should apply whenever custody of the children is involved.

As a prerequisite to an order depriving either parent of the custody of his or her children the Court must find that such parent is an improper person to have the care, custody and control of his or her children. This finding and determination the trial Court made and upon the record we must assume that there was sufficient support in the evidence before the Court to support that finding. No authority is cited and we find none upon independent investigation which would hold that the Court erred in refusing to award the custody to the plaintiff, if it had jurisdiction to do so.

Judgment affirmed.

GEIGER and MILLER, JJ., concur.