BLOW, Appellant v. LOTTMAN, Respondent

(59 N. W.2d 825)

(File No. 9313. Opinion filed August 24, 1953)
Rehearing denied September 25, 1953

128

**John E. Burke, William F. Clayton,** Sioux Falls, for Aplant.

**Van Buren & Vogt,** Dell Rapids, for Respondent.

LEEDOM, J. This action was started by a mother to get custody of her two young daughters from their paternal

grandmother. The trial court entered a judgment awarding custody of the girls to the grandmother. The mother has appealed to this court. We reverse the judgment entered below.

Appellant questions the sufficiency of the findings of fact to support the judgment and of the evidence to support the findings. Inasmuch as we reverse the circuit court for failing to make a finding of an ultimate fact essential to a determination of the issues involved, it is not necessary for us to review in detail or to pass on the sufficiency of the evidence to support the findings and judgment entered.

The girls when about 7 and 5 years old were voluntarily placed with the grandmother by their mother soon after the death of their father for temporary care and custody as claimed by the mother. After having the children for about 6 years the grandmother refused to return them to the mother claiming she had abandoned them and that she was not a fit and proper person to have custody.

■ By nature and under the common law and by virtue of statutory provisions, SDC 14.0303 and 14.0506, a parent has a preferred legal right to custody of his or her own children. But under the common law and modern statutes as well, SDC 14.0307 and 43.03, the state through the courts has a right under proper circumstances to terminate the parental right and deprive the parent of custody. To find the proper delicate balance between this right of the parent and the right of the state is the problem confronting courts in such cases as this where the parent but not the other claimant has a legal right.

■ ■ In the inevitable conflict shown in the reported decisions between the antiquated rule that gave a father an absolute legal right to custody of his child and the ultra modern rule, not generally followed but representing the opposite extremity in the evolution of the law, that regards a child as a creature of the state and parental control as a power emanating from the state, there is in our opinion this helpful guide well recognized in the body of the law; the parents' right to custody over their own children should never be disturbed except upon a clear showing against the parent of "gross misconduct or unfitness, or of other extraordinary

circumstances affecting the welfare of the child." 39 Am.Jur., Parent and Child § 16. The decisions of this court have been in harmony with this principle. See Engle v. Yorks, 7 S.D. 254, 64 N.W. 132; Haglund v. Egge, 41 S.D. 433, 171 N.W. 212; and Ex Parte Summers, 43 S.D. 617, 181 N.W. 831. The fitness of this mother is therefore a matter of first consideration and her disqualification as custodian is a prerequisite to an award of custody to any other person; and so we hold that there must be a finding of the trial court on the ultimate fact of unfitness for a proper disposition of the case. In so holding we give effect to a rule prevailing in California, Kansas, Ohio, North Carolina, New Hampshire, and undoubtedly in numerous other jurisdictions. See Stever v. Stever, 6 Cal. 2d 166, 56 P.2d 1229; In re Whites' Guardianship, 84 Cal. App.2d 624, 191, P.2d 466; Stout v. Stout, 166 Kan. 459, 201 P.2d 637; Tanner v. Tanner, 78 Ohio App. 178, 62 N.E.2d 654; McEachern v. McEachern, 210 N.C. 98, 185 S.E. 684; and Sheehy v. Sheehy, 88 N.H. 223, 186 A. 1, 107 A.L.R. 635. Since the mother's unfitness is necessarily an issue in the action, on which issue depends this very substantial parental right, a finding of the ultimate fact of her unfitness would be necessary under the general rule of trial procedure recognized by this court in Ellens v. Lind, 65 S.D. 620, 624, 277 N.W. 40, 42; and in Tschetter v. Ray, 28 S.D. 604, 606, 134 N.W. 796, 797.

The trial court in this action made findings that the mother "spent a great deal of time at a place * * * where beer was sold", "that she neglected her said children to a considerable extent; and was guilty of misconduct, all as shown by the evidence herein"; and on other evidentiary matters concerning the mother's remarriage following the death of the father of the children and the character and reputation of appellant's second husband; and finally found that "it would not be for the best interest of said children, and either of them, in regard to their temporal and mental and moral welfare to be given into the custody" of the mother and her husband and on the contrary would be for their best interest to be left with the grandmother.

All the foregoing findings of fact excepting only the last mentioned are evidentiary and therefore insufficient as

substitutes for a finding of an ultimate fact that is at issue and that involves a substantial right. See Tschetter v. Ray, supra; and compare Heinz v. Heinz, 73 Cal.App.2d 61, 165 P.2d 967, 970. The last mentioned finding as to the children's best interests is inadequate on the issue of the mother's unfitness. We cannot take the position that this finding of "the best interest of said children" carries an inference of the mother's unfitness. It is a false view of the law and of the issues involved to treat the action from the start as an equal contest between two contenders for the child, and without the preliminary determination against the parent's right to custody, to weigh the balance against the parent on a mere finding that it is for the best interests of the child to be given to the other party. The finding of fact in the case at bar to the effect it is for the best interests of the children to be left with their grandmother permits of the interpretation that the award was made to the grandmother simply because she was a better custodian than the mother and even though the mother was a fit custodian. If the mother is a fit parent she cannot be denied custody of her children even though the grandmother is better qualified to rear them. It follows that the findings entered, in the absence of an additional finding of the mother's unfitness, do not adequately support the judgment under the law. Compare Newby v. Newby, 55 Cal. App. 114, 202 P. 891; and Stout v. Stout, supra.

This court has not before specifically made a finding of the ultimate fact of unfitness a prerequisite to denial of custody to a parent, but such finding is ordinarily made according to practice in this state as appears in our other decisions. See Engle v. Yorks, supra; Ex Parte Summers, supra; and Ashmore v. Hedblom, 64 S.D. 513, 268 N.W. 429. The case of Nannestad v. Nannestad, 44 S.D. 241, 183 N.W. 541, does not seem to be in complete harmony with our holding in the instant case but that decision demonstrates we believe the value of the rule we here invoke that a trial court shall make a specific finding of a parent's unfitness before denying custody. In the Nannestad decision this court actually justified the denial of custody to the father on its own determination that the father was an unfit custodian because of ill health.

 While we do not pass upon the sufficiency or insufficiency of this record to support a finding of the mother's unfitness we point out that the term "unfitness" as we use it here should be broadly interpreted. A parent's disqualification results not only from a lack of ability but also from an unwillingness or from an indifferent lack of desire, as well, to rear a child spiritually, morally, mentally and physically according to the minimum standard the law condones. Thus unfitness would follow from voluntary conduct bearing on a parent's cruelty, morals, extreme neglect, abandonment or any attitude or condition, created through marriage or otherwise, resulting in home surroundings below the minimum standards; and unfitness would also result from involuntary circumstances such as extreme poverty, physical or mental infirmity, or any other condition making it impossible for the parent to care for the child according to the minimum requirements.

For all the reasons hereinbefore set forth the judgment appealed from is reversed.

All the Judges concur.