SWEENEY, Respondent v. JONESON et al., Appellants

(63 N. W.2d 249)

(File No. 9391. Opinion filed February 16, 1954)
Rehearing denied March 17, 1954

**John P. McQuillen,** Sioux Falls, for Plaintiff and Respondent.

**Danforth & Danforth,** Sioux Falls, for Defendants and Appellants.

ROBERTS, J. This proceeding in habeas corpus was commenced on May 8, 1953, in the circuit court of Minnehaha County by Marge B. Sweeney, a resident of Los Angeles, California, to obtain from the defendants the cus-

tody of her son then six years of age. The father of the child was Charles Joneson, who died March 4, 1953, in Parsons, Kansas. January 19, 1951, he had obtained in the district court of Alfalfa County, Oklahoma, a decree of divorce from the plaintiff on the ground of abandonment. The care, custody and control of the child was awarded to the father. There was no finding that the mother was an unfit person to have custody. The defendant, Oscar Algot Joneson, was a brother of Charles. He and his wife in their return to the writ seek continued custody challenging the fitness of the mother and claiming that the best interests of the child demand that defendants be not deprived of custody. The trial court found from the voluminous evidence submitted that plaintiff is a fit person to be custodian and is able and willing to provide the boy with a suitable and proper home. Judgment was entered accordingly and defendents appeal.

The parties were married in November, 1943, and on May 30, 1947, their son James Russell was born. The husband immediately prior to the marriage had been in the military service nearly four years and because of a head injury was given a medical discharge. The injury resulted in an ailment known as Jacksonian epilepsy. Following birth of the child, the parties resided in a trailer house in Minneapolis while the father attended the University of Minnesota. After their separation in September, 1949, the child was cared for by the father's sister until some time in December of that year and except for short intervals has since that time lived in the home of the father's brother, Oscar Algot Joneson. Plaintiff maintained a contact with her child through correspondence with the father. When notified of the death of the father, plaintiff immediately communicated with relatives in Erie, Kansas, who had custody of the child. She having received from an attorney a letter purportedly written at the behest of the defendants and stating that they would give her cusody of the child on March 17th arrived in Erie on that day and learned that defendants had disappeared with the child. On May 6th following, plaintiff ascertained through the Kansas Bureau of Investigation that defendants were living in Minnehaha County. This proceeding immediately followed.

Defendants seek reversal on the grounds, first, that plaintiff is bound by the Oklahoma decree awarding custody to the father and prohibiting her from interfering in any way with that custody and, second, that the natural right of the parent to custody should not prevail when it appears as it does from the evidence in this case that the best interests and welfare of the child require that defendants have care, control and custody of the child.

 The force of the statutory provision that upon the death of either the father or mother of a minor child the survivor is entitled to its custody, SDC 14.0303, was not affected by the divorce decree. On the death of a parent who held under a divorce decree custody of a child, the decree with respect thereto ceases to have any continuing effect, at least when, as here, it makes no provision for its continuance beyond the lives of the parties and there is no finding that the surviving parent is unfit to have custody. See Annotations in 74 A.L.R. 1352 and 128 A.L.R. 989. The Supreme Court of Oklahoma in Hughes v. Bowen, 193 Okl. 269, 143 P.2d 139, arrived at a conclusion contrary to the contention of the defendants and in accord with our conclusions herein.

 In a contest concerning the custody of a minor child, the best interests and welfare of the child are of paramount and controlling importance. Haglund v. Egge, 41 S. D. 433, 171 N.W. 212; Ex parte Summers, 43 S.D. 617, 181 N.W. 831; In re Magee (Tompkins v. Lutheran Welfare Society of South Dakota), 74 S.D. 286, 52 N.W.2d 99. The statutory and parental right are not conclusive, as we have held, but must yield to the child's best interests and welfare. Nannestad v. Nannestad, 44 S.D. 241, 183 N.W. 541; Ashmore v. Hedblom, 64 S.D. 513, 268 N.W. 429. The law presumes that the best interests and welfare of a minor will be best served by awarding its custody to the parent and the burden is upon those who claim otherwise to overcome such presumption by clear and satisfactory proof of abandonment or forfeiture, or a legal surrender, or unfitness of the parent to have custody. Ex parte Summers, supra; Blow v. Lottman, 75 S.D. 127, 59 N.W.2d 825, 826, where this Court said: "The fitness of this mother is therefore a matter of first consideration

and her disqualification as custodian is a prerequisite to an award of custody to any other person."

The record indicates that defendants and the paternal grandmother are much attached to the child and there is no suggestion in the evidence that the home of the defendants and the surroundings are not proper for the rearing of the child. Several witnesses testified that they were neighbors of the plaintiff and the father of the child when they resided in the trailer camp in Minneapolis; that plaintiff lacked affection for the child; and that she was neglectful of him and the home. Plaintiff testified that because of his physical and mental condition the father was unable to provide for the support of the family; that she was employed except for a short time before and after birth of the child in a beer tavern near the trailer camp where the family resided; that she because of her employment could not at all times give her individual attention to the child; that she and her husband had talked of a separation and agreed that the child be left with the husband's sister; that to avoid further unpleasantless she left a note in their trailer informing the father of her departure; and that she has since lived in California. Plaintiff and her husband whom she married in May, 1952, are steadily employed earning about $750 a month and live in a modest home. Having in mind the principle that a presumption attaches in this kind of a proceeding that the best interests of a child will be served by lodging custody in the parent and that to overcome the presumption it must appear that the parent is an unfit person to have custody, we are unable to say that the court erred in granting custody to the plaintiff.

The judgment appealed from is therefore affirmed.

All the Judges concur.