No. 47,643

*In re:* The dependency and neglect and custody of minor children: BONNIE J. EDEN, A Minor, CONNIE Y. EDEN, A Minor, TERRY LEE EDEN, A Minor.

(533 P. 2d 1222)

Opinion filed April 5, 1975.

*Matthew G. Podrebarac,* of Kansas City, argued the cause and was on the brief for the appellants.

*John R. Fisette,* of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: In this case a father's right to custody of his three small children is contested by a couple to whom he entrusted them in a time of need. On appeal from the juvenile court, the district court awarded custody to the father, Richard H. Eden. The couple who had temporary custody, Donald and Mabel Pluger, have appealed.

In March of 1971 the forty-three year old Eden found himself in Kansas City and out of work. From his divorce he had custody of three-year-old twin girls and a sixteen-month-old boy. He was unable to care for them adequately and their condition was deteriorating. At that time he sought help through the church he had attended, and after some discussion ended up placing the children with the Plugers. In July he went to seek work in Phoenix, Arizona, where he had previously lived and where he had a brother.

On August 19, 1971, this proceeding was instituted by Donald Pluger by the filing of three petitions in the juvenile court alleging that each child was dependent and neglected. The purpose was

to give legal sanction to the Plugers' custody so they could consent to medical treatment. An *ex parte* order granting them temporary custody was entered the same day.

No further action was taken in the dependency and neglect proceedings until February 4, 1972, when Eden filed a motion to have custody returned to him. He had found employment in Arizona, remarried, and established a new home. The Plugers, nevertheless, had refused to return his children and had confronted him with their temporary custody order.

The juvenile court held no hearing, either on the original petitions or on Eden's motion, until November, 1972. In the meantime a "home study" was requested of the social welfare department in Phoenix to look into Eden's present home situation. That department reported, "We feel Mr. and Mrs. Eden can take good care of Mr. Eden's children."

On November 27, 1972, the juvenile court found the children dependent and neglected, and that they had been so continuously since March, 1971; it left their custody with the Plugers. Eden appealed to the district court three days later.

That court held no hearing until January 3, 1974, at which time it entered the order from which the Plugers now appeal. They secured a stay pending the appeal and still have custody of the children.

After the required trial *de novo* the trial judge concluded that, although the Plugers would be able to provide the children a more "stable" home, it had no choice but to award custody to their natural father in the absence of a showing that he had willfully neglected them. He found no willful neglect on Eden's part, and that at the time of trial they were not dependent and neglected on account of any willful act on his part. In addition, he made the following finding:

"The court further finds that Richard H. Eden, the father of the minor children, has remarried, has been working regularly, has established a home and is now able and is desirous and willing to have the care, custody and control of the children, and is willing and able to assume that responsibility."

In our view this finding is controlling. While the appellants point to a number of alleged deficiencies in Eden's character and conduct, their contention on appeal is that the judgment was "contrary" to the evidence. They make no contention that this or any other finding is not supported by substantial competent evidence. Neither they nor anyone else has ever formally alleged

that Eden was an "unfit" person to have custody of his children. Certainly he has never been so declared judicially, and the evidence adduced here would not have compelled such a finding if the question had been an issue. No attempt has been made at any time to sever his parental rights. Under these circumstances our law is clear:

"A parent who is able to care for his children and desires to do so, and who has not been found to be an unfit person to have their custody in an action or proceeding where that question is in issue, is entitled to custody as against grandparents or others who have no permanent or legal right to custody."

"The general rule that a change of circumstances must be shown to obtain modification of a child custody order does not apply where there has been no adjudication of unfitness of the only parent seeking custody." (*Irwin v. Irwin,* 211 Kan. 1, 505 P. 2d 634, Syl. ¶¶ 4, 5.)

To the same effect, see *e. g., Hamm v. Hamm,* 207 Kan. 431, 485 P. 2d 221; *Gardner v. Gardner,* 192 Kan. 529, 389 P. 2d 746; *In re Vallimont,* 182 Kan. 334, 321 P. 2d 190; *Christlieb v. Christlieb,* 179 Kan. 408, 295 P. 2d 658; *Stout v. Stout,* 166 Kan. 459, 201 P. 2d 637; *Jones v. Jones,* 155 Kan. 213, 124 P. 2d 457.

In addition to their "contrary to the evidence" argument, appellants say the trial court should not have considered the fact that Eden's "neglect" of his children was not willful but was the result of his being unemployed and on welfare. Assuming his "fitness" had been an issue, we think his motives and the circumstances surrounding his original surrender of the children would be highly relevant to that issue. Cf., *In re Vallimont,* supra.

Finally, in two of their points they say the court erred in finding it had no discretion to award them the children, and should have done so by determining what was in the "best interests" of the children. They note the trial court's apparent reluctance to remove the children from their home where they seem to be flourishing.

The authorities cited above refute these contentions. The cases where we have held the "best interests" test applicable were all cases where the dispute was between parents. See, *e. g., Patton v. Patton,* 215 Kan. 377, 524 P. 2d 709; *Dalton v. Dalton,* 214 Kan. 805, 522 P. 2d 378; *St. Clair v. St. Clair,* 211 Kan. 468, 507 P. 2d 206. Where, as here, the dispute is between strangers and a natural parent who is not unfit and who is able and willing to care for the children, the parent's right must prevail. This is so even though the trial court might feel that it would decide otherwise if free to consider

only the "best interests" of the children, apart from the benefits to be derived from the love and care of the natural parent. *In re Vallimont,* supra, and the authorities cited therein.

The judgment is affirmed.

APPROVED BY THE COURT.

FROMME, J., not participating.