**Larry D. LANGERMAN, Plaintiff and Appellant,**

v.

**Vickie L. LANGERMAN, Roy Kromarek and Lois Kromarek, as to Custody and Visitation Matters, Defendants and Appellees.**

No. 13594.

Supreme Court of South Dakota.

Argued May 18, 1982.

Decided July 7, 1982.

Richard A. Pluimer of Stephens, Quinn, Carr & Buckmaster, P. C., Belle Fourche, for plaintiff and appellant; Laurence J. Zastrow of Stephens, Quinn, Carr & Buckmaster, P. C., Belle Fourche, on brief.

Jacqueline A. Marousek of Bennett & Main, Belle Fourche, for defendants and appellees.

HENDERSON, Justice.

## ACTION

Larry D. Langerman (father) appeals from a judgment by the trial court which, inter alia, granted a divorce to Vickie L. Langerman (mother) and awarded custody of the parents' two minor children to the children's maternal grandparents, Roy and Lois Kromarek. The Kromareks joined in these proceedings at the trial court level as to matters of custody and visitation of the children pursuant to SDCL 26–5–33.* On appeal, the father alleges that the trial court erred in awarding custody of the children to the Kromareks without first determining if he (the father) was an unfit natural parent. For purposes of this writing, we will refer to all of appellees as "the mother." We reverse and remand.

## ISSUE

Did the trial court err by not entering a finding with regard to the parental fitness/unfitness of the father as a prerequisite to awarding custody of the children to their grandparents? We hold that it did.

## DECISION

In its conclusions of law, the trial court stated: "That a finding of unfitness of a parent need not be made prior to denying a parent custody if it is in the best interests of the children that they be placed in the custody of someone other than the natural parents." The trial court rationalized its reason for this conclusion in its memorandum opinion (incorporated by reference into its findings of fact and conclusions of law):

Of course, the law as stated in *Blow v. Lottman,* 75 S.D. 127, 59 N.W.2d 825

---

* The mother contracted multiple sclerosis circa 1972 and has been living in a nursing home near her parents since 1977. Both children, ages twelve and eight at the time of appeal, have lived with their maternal grandparents for the majority of their respective lives.

[1953] states that grandparents are considered strangers in awarding custody. Further, that case would set the law that a finding of unfitnesses [sic] must be made of a parent before denying custody.

In *Blow v. Lottman*, supra, this Court held that, in a custody dispute between a parent and a grandparent, the parent's right to custody over their children should not be taken away absent a clear showing against the parents of gross misconduct or unfitness.

> By nature and under the common law and by virtue of statutory provisions, SDC 14.0303 [SDCL 25–5–7] and 14.0506 [SDCL 30–27–23], a parent has a preferred legal right to custody of his or her own children. But under the common law and modern statutes as well, SDC 14.0307 [SDCL 25–5–16] and 43.03 [SDCL ch. 26–8], the state through the courts has a right under proper circumstances to terminate the parental right and deprive the parent of custody. . . .
>
> [T]here is in our opinion this helpful guide well recognized in the body of the law; the parents' right to custody over their own children should never be disturbed except upon a clear showing against the parent of "gross misconduct or unfitness, or of other extraordinary circumstances affecting the welfare of the child." 39 Am.Jur., Parent and Child § 16. The decisions of this court have been in harmony with this principle. See *Engle v. Yorks*, 7 S.D. 254, 64 N.W. 132 [1895]; *Haglund v. Egge*, 41 S.D. 433, 171 N.W. 212 [1919]; and *Ex Parte Summers*, 43 S.D. 617, 181 N.W. 831 [1921]. The fitness of this mother is therefore a matter of first consideration and her disqualification as custodian is a prerequisite to an award of custody to any other person; and so we hold that there must be a finding of the trial court on the ultimate fact of unfitness for a proper disposition of the case.

*Blow v. Lottman*, 75 S.D. at 129–130, 59 N.W.2d at 826.

In affirming a trial court's ruling that the father should receive custody of his child rather than custody being granted to the child's unmarried mother, this Court expounded upon the relationship between the "best interests of the child" doctrine and the "parental right" doctrine as applied to custody disputes between parental and non-parental claimants:

> When someone other than another parent challenges the custody of a parent a clear showing of gross misconduct, unfitness or other extraordinary circumstances affecting the child's welfare is required.

*Application of G. K.*, 248 N.W.2d 380, 384, n.4 (S.D.1976) (citation omitted); *see also Sweeney v. Joneson*, 75 S.D. 213, 63 N.W.2d 249 (1954).

Other jurisdictions have adopted South Dakota's position on non-parental custody:

> [T]o deprive a parent of the custody of his children in favor of a third person, the parent must be affirmatively, not comparatively, shown to be unfit. The mere fact that a child might be better cared for by a third person is not sufficient to justify taking a child from its parent. . . . Evidence of unfitness must be clear and conclusive and the necessity for depriving the parent of custody must be shown to be imperative.

*Haralson v. Haralson*, 595 P.2d 443, 445 (Okl.1979) (footnotes omitted). Also, the Supreme Court of Kansas in *In re Custody of Eden*, 216 Kan. 784, 786, 533 P.2d 1222, 1224 (1975) held:

> Where, as here, the dispute is between strangers and a natural parent who is not unfit and who is able and willing to care for the children, the parent's right must prevail. This is so even though the trial court might feel that it would decide otherwise if free to consider only the "best interests" of the children, apart from the benefits to be derived from the love and care of the natural parent.

*See also Whitlatch v. Whitlatch*, 206 Neb. 527, 293 N.W.2d 856 (1980).

The mother argues, however, that even though the trial court made no specific finding of parental unfitness as regards the father, it did state in its memorandum opinion that the father "does not present the

type of environment which these children should be subjected to at this time in their life." We also note that a proposed finding of fact stating that the father was a fit parent was rejected by the trial court. The language of *Blow v. Lottman, supra,* however, and its progency make it clear that a specific finding with regard to a parent's fitness is necessary before the custody of his or her child(ren) can be awarded to a non-parental claimant.

We accordingly remand these proceedings for the limited purpose of allowing the trial court to enter a specific finding of fact regarding the fitness/unfitness of the father as a parent. The trial court's determination is necessarily limited to the evidence it has already received on this issue.

Reversed and remanded.

All the Justices concur.