GONZALES *v.* TOMA.

1. PARENT AND CHILD—RELEASE BY UNWED MOTHER—PROBATE JUDGE.

A probate judge is required to fully explain to an unwed mother, before taking the acknowledgment to her release of her child, her legal rights and that by the release she voluntarily terminated permanently her parental rights to the child (CL 1948, § 710.3).

2. SAME—RELEASE BY UNWED MOTHER—CERTIFICATE OF PROBATE JUDGE.

Release of child, executed by unwed mother, and probate judge's certificate thereto, as presented by record *held,* to disclose full compliance with pertinent statute (CL 1948, § 710.3).

3. SAME—RELEASE BY UNWED MOTHER—INVESTIGATION BY PROBATE JUDGE.

The failure of a record in unwed mother's habeas corpus proceeding to recover possession of her child to disclose the nature and extent of investigation made by probate judge before taking her acknowledgment to the release of her child is not fatal to proceeding for the child's adoption by defendants, where pertinent statute leaves to the discretion of that court what investigation shall be made (CL 1948, § 710.3).

———————

REFERENCES FOR POINTS IN HEADNOTES

[1] Generally as to release by parents of illegitimate child, see 1 Am Jur, Adoption of Children, § 37.

4. SAME—VALIDITY OF RELEASE BY UNWED MOTHER—PLACEMENT
FOR ADOPTION.
>   Complaint of plaintiff, an unwed mother, that her child was
>   placed with defendants for adoption before entry of an order
>   of the probate court terminating parental rights and making
>   the child a ward of the court as provided by statute, involved
>   proceedings after plaintiff executed a release of the child to
>   a child placement agency licensed by the State and has no
>   bearing or effect upon the validity of the release (CL 1948,
>   §§ 710.3, 710.12).

5. ADOPTION—CONSENT—CHILD PLACEMENT AGENCY.
>   Consent to adoption of a child by a duly licensed child place-
>   ment agency of the State is required, where unwed mother
>   has duly released the child to such agency, her consent to
>   adoption being unnecessary after such release (CL 1948,
>   § 710.3).

Appeal from Wayne; O'Hara (Chester P.), J.
Submitted January 4, 1951. (Docket No. 53, Calen-
dar No. 44,935.) Decided March 1, 1951.

Habeas corpus by Delores Sibears Gonzales, a
minor, by Lillian Sibears, her next friend, against
John Toma and wife to obtain custody of child. Writ
denied. Plaintiff appeals. Affirmed.

Max E. Klayman (George Stone, of counsel), for
plaintiff.

Clyde L. Fulton (T. G. Daines and Henry R.
Maurer, of counsel), for defendant.

DETHMERS, J. Plaintiff, a minor, gave birth to a
child out of wedlock. She signed a release of child,
pursuant to CL 1948, § 710.3 (Stat Ann 1949 Cum
Supp § 27.3178 [543]), joined in by her guardian
ad litem and acknowledged before a judge of pro-
bate, releasing the child to the St. Vincent De Paul
Society, a placement agency licensed by the State.
The society placed the child with defendants, who

petitioned the probate court for its adoption. Plaintiff gave notice in the proceedings of what she termed a revocation of consent and brought habeas corpus in the circuit court. From denial of the writ, plaintiff appeals.

Plaintiff contends that the release did not become legally effective because of noncompliance with the statute above cited, which is controlling. Under its provisions the probate judge, before taking the acknowledgment to her release, was required to fully explain to plaintiff her legal rights and the fact that by the release she voluntarily terminated permanently her rights to the child. Plaintiff professes to discern a variance between that statutory requirement and what actually was done in this case as appears from recitals contained in the release signed by plaintiff and the attached certificate of the probate judge, which read, respectively, as follows:

"I hereby certify that the undersigned probate judge duly authorized by law to administer oaths did first fully explain to me my legal rights in the premises concerning said child and concerning said adoption and did fully appraise [apprise?] me of the fact that I need not execute this release unless I desire so to do of my free will and accord, but that once having executed this release I hereby lose any and all rights in, to and concerning said child forever."

"On this 11th day of July, A.D., 1949, before me the subscriber, a probate judge in and for said county of Wayne in said State, personally came the above named Delores Elaine Sibears, known to me to be the person who executed the foregoing instrument and acknowledged the same to be her free act and deed, after the effect of the foregoing surrender and release upon her rights to the custody of said child had first been fully explained to her by me."

It seems to us that, despite some slight differences between the precise phraseology of the statute and

the quoted language of the release and judge's certificate, the latter, nonetheless, discloses full compliance with the statutory requirement in question.

The statute also provides for acknowledgment of the release before the probate judge "after such investigation as to the court may seem proper." Plaintiff points to the absence in the record of any proof of such investigation. The statute leaves to the discretion of that court what investigation shall be made; and failure of the record to disclose its nature and extent, if any, cannot, therefore, be said to be fatal to the proceedings.

Plaintiff complains that the child was placed in defendants' home for adoption before entry of an order of the probate court terminating parental rights and making the child a ward of the court as provided in CL 1948, § 710.12 (Stat Ann 1949 Cum Supp § 27.3178 [552]). This involves proceedings after execution of the release which can have no bearing or effect upon its validity.

Plaintiff also urges that, if the release was valid, it was within her power to revoke it at any time before conclusion of the adoption proceedings. As authority she cites *In re White,* 300 Mich 378 (138 ALR 1034). In that case the parents had not released the child to a licensed placement agency, and consent of the parents to the adoption was, therefore, required by statute. This Court held that the consent so given by the parents could be withdrawn at any time before the adoption had become final and absolute. In the instant case plaintiff's consent to adoption is not required under the statute, but only the consent of the society to which she released the child. The *White Case* is, therefore, not in point. The requirement of the statute that the probate judge explain to the mother of a child born out of wedlock that by execution of the release she voluntarily terminates permanently her rights to the child,

and the provision that consent to adoption of such child shall be filed by the mother, *unless she shall have released the child* to a licensed placement agency, in which case the consent of such agency only is required, are eloquent of a legislative intent that the release shall terminate the parental rights permanently, beyond the power of the parent to revoke.

Affirmed, with costs to defendants.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.