In re MAGEE

Ex parte TOMPKINS

TOMPKINS, Appellant, v. LUTHERAN WELFARE SOCIETY OF SOUTH DAKOTA et al., Respondents

(52 N. W.2d 99)

(File No. 9257. Opinion filed February 18, 1952)

**Tom Kirby, Blaine Simons,** Sioux Falls, for Appellant.

**Stordahl, May & Boe,** Sioux Falls, for Respondent, Lutheran Welfare Soc. of South Dakota.

**Bailey, Voorhees, Woods & Fuller,** and **J. B. Shultz,** all of Sioux Falls, and **John G. Potter,** Rapid City, for Respondents, Robert J. Bower and Vella A. Bower.

LEEDOM, J. This appeal involves the right to custody of the infant child of the appellant mother. The circuit court refused to disturb the custody of respondent Lutheran

Welfare Society to which the child had been surrendered in a dependency proceeding under SDC 43.03. We affirm the judgment entered by the circuit court.

The baby was born March 7, 1950. Appellant then 20 years old was cared for in the home maintained by the respondent Society both before and after the birth, and on March 17, 1950 the baby was adjudged a dependent child on appellant's petition after a hearing in a Minnehaha county court proceeding, and the superintendent of the Society was named guardian under the provisions of said chapter. In the proceeding appellant requested "that said child be declared dependent," waived notice of the hearing on her petition, and signed a "Waiver and Consent" authorizing the guardian to consent to the adoption of the baby.

On May 8, 1950 the child was placed by the Society with the respondents Bower for adoption, the placement having been delayed until then because of appellant's uncertainty as to other arrangements for the child, and notwithstanding the Society's legal control. By November 20, 1950 the Bowers had kept the baby in their home as their own more than the required six months and on that date filed a petition in the county court of Pennington county for adoption.

On November 22, 1950 appellant filed a petition in the county court of Minnehaha county for leave to withdraw the consent previously granted to respondent Society, and to have the baby restored to her. On the same date this petition was filed the court entered an order permitting withdrawal of the consent previously signed and vacating the prior order that declared the child a dependent and appointed the superintendent of the Society guardian. Appellant immediately obtained from the circuit court of Minnehaha county a writ of habeas corpus requiring the Society to produce the baby; and later the Society appealed to the circuit court from the county court order that vacated the previous order of dependency. Respondents Bower intervened in the habeas corpus proceeding which by agreement was consolidated and tried with the appeal from the county court order. The judgment entered by the circuit court discharged the writ of habeas corpus and reversed the

November 22, 1950 order of the county court which restored the child to appellant.

The decisive question in the appeal is this: Is appellant entitled to the restoration of the custody of her child under this record? We hold that she is not.

■■ Under the provisions of SDC 43.0304 the basis of the decision on such question is "the interest of the child and the state, but with due regard to the rightful parents". The circuit court entered a finding that it was for the best interests of the child that it be adopted by the respondents Bower. It is our opinion that the evidence supports the circuit court's refusal to restore the child to appellant.

■ In re Romero, 73 S.D. 564, 46 N.W.2d 108, held the court had power to restore a child to its mother under the circumstances there present, notwithstanding she had surrendered the child to an institution and had authorized a guardian to consent to its adoption. The factors forming the basis of that decision, that is the welfare of the child and of society with due regard to the rights of the parent, serve as the basis of our decision in the instant case under the same statutory provisions. In the instant case the appellant by her own conduct and all the natural consequences flowing therefrom brought into society a baby who became a dependent child. Such dependency was the result of all the circumstances attendant to the child's birth and the voluntary act of its mother, appellant, under statutory provisions designed to protect unfortunate mothers, illegitimate children and the public as well. Later, and after the process which she herself set in motion to best solve a problem that she helped create, appellant changed her mind and sought to have her child restored to her. By so doing she clearly assumed the burden under our dependency statutes of satisfying the court that under the circumstances as they existed at the time she sought restoration, it was for the best interests of the child and of society, as well as a recognition of her rights, that her child be restored. The issue presented by this effort of the mother involved among other things a consideration of the relationship of the child with its legal and actual custodians, the respondents herein. The circuit court found and we agree that appellant failed to meet this

burden that the law places upon her under these circumstances.

No good purpose is served by our detailing the evidence that supports the findings of the circuit court. It is sufficient to say that the record reveals an emotional instability in appellant and other characteristics which we deem significant factors in the trial court's conclusion. The child appears to be quite ideally situated and adjusted in his home with respondents Bower. We are also satisfied from the evidence that appellant was adequately advised and had ample time to make her decision when she finally assented to the placement of the baby, and that she acted knowingly and wholly voluntarily under the compulsion only of the distressing and unfortunate circumstances that entangled her.

The factors that form the basis of our decision which we rest on the dependency phase of this case, have often been considered by other courts in adoption cases. Most such decisions specifically involve an interpretation of statutory provisions peculiar to the jurisdiction. While we find no case from any other jurisdiction construing provisions of a dependency statute closely similar to those involved here, we are satisfied our conclusion conforms to the modern trend of authority on the rights of natural parents to child custody in related situations. 1 Am.Jur., Adoption of Children § 37.1 (New Text); 2 C.J.S., Adoption of Children, § 21, Pocket Part; Annotation 156 A.L.R. 1011. Certain other jurisdictions have construed statutes differing somewhat from ours to clearly show a legislative intent to treat a surrender of an illegitimate child by its mother to the guardianship of a child placement agency as a final adjudication of parental rights. In re Adoption of Anderson, — Minn. —, 50 N.W.2d 278; Gonzales v. Toma, 330 Mich. 35, 46 N.W.2d 453. The problems involving dependent and especially illegitimate children are closely interwoven with the whole system of child adoption which now is and for centuries has been beneficial to society. We are of the opinion that to permit restoration of a child to a natural parent under all the circumstances present here would not only be contrary to the best interests of the child but would cast

over the adopting procedure such uncertainty as to be disruptive of this important part of our jurisprudence and against sound public policy.

■ Since the consent of the natural parent is not necessary to adoption under our statutory provisions where the custody of the child has been awarded to a guardian in a dependency proceeding, the consent of appellant is not necessary in the adoption proceeding involved herein. SDC 14.0403, SDC 43.0323; Sec. 7, Ch. 168, Laws 1939; and compare In re Adoption of Anderson, supra.

Deciding a case such as this is not a pleasant duty. It involves not contract rights but rather a status inherent in nature which the law carefully protects. Such status should not be disturbed except for compelling reasons. Even so we believe the disposition made by the trial court under this record is proper.

The judgment from which the appeal is taken is affirmed.

All the Judges concur.