99 N.W.2d 794 (1959)
Application of Emmaline Ruth Trembly HEINTZ on Behalf of Ruth Kathryn Trembly for a Writ of Habeas Corpus.
No. 9788.
Supreme Court of South Dakota.
December 9, 1959.
*795 Joe H. Neumayr, Gettysburg, for appellant.
Hutchinson & Hutchinson, Huron, and John P. Price, Hollowell & Hamill, Indianapolis, Ind., for respondent.
HANSON, Presiding Judge.
In this habeas corpus proceeding Emmaline Trembly Heintz of Mooresville, Indiana, seeks custody of her minor daughter, Ruth Trembly. Mrs. Heintz alleges the child is being illegally detained in the custody of the child's father, Wilbert B. Trembly, in Potter County. After a hearing the trial court entered its order recognizing and enforcing the terms of an Order of the Court of Common Pleas of Belmont County, Ohio, dated June 27, 1956, according to which applicant is entitled to the present custody of the child. The respondent father appeals.
Mrs. Heintz further alleged in her application that in 1949 she and Wilbert Trembly started living together as husband and wife. Ruth Trembly was born to them in August, 1951. Thereafter the parties were married in January, 1954 at Connersville, Indiana.
On October 14, 1954, a separation agreement was entered into between the parties providing for divided custody of their child, i. e., Wilbert Trembly was to have custody the first six months and the mother to have custody the last six months of each year, until the child attained school age. Thereafter, Wilbert Trembly was to have custody during the summer months and the mother to have custody during the normal school term of each year. Pursuant to the terms of this separation agreement Mrs. Heintz delivered the child to Mr. Trembly in January, 1955, and he has retained custody ever since.
Mr. Trembly filed a petition for divorce in the Court of Common Pleas of Belmont County, Ohio, on December 19, 1954. Mrs. Heintz, then Mrs. Trembly, had notice of the action but did not appear. A decree *796 of divorce was entered on February 4, 1955, giving Mr. Trembly full and sole custody of the child. Thereafter, subsequent proceedings were had in the Ohio Court, in which both parties participated. These proceedings culminated in an order, dated June 27, 1956, modifying the original divorce decree with reference to the custody of the minor child. The order provided for divided custody in accordance with the custody provisions of the separation agreement. After the entry of the Ohio Court's order of June 27, 1956, Mr. Trembly filed a motion for a new trial seeking thereby to have the custodial order vacated and set aside. His motion is still pending and undetermined.
Mrs. Heintz relies on the Ohio Court order of June 27, 1956, for her right to the present custody of the child. At the hearing in Circuit Court the record of the Ohio Court, consisting of the "journal entry" and "opinion and decision", was offered into evidence as Exhibit "A". The journal entry is in reality the custodial order of June 27, 1956, and the opinion and decision contains the findings upon which the order is based. Exhibit "A" was received into evidence by the trial court over Mr. Trembly's objection that it had no bearing on the issues. He now contends the court erred in receiving the "opinion and decision" portion of Exhibit "A" for the reason it was improperly certified and attested. This objection was not interposed at the hearing and will not be considered for the first time on appeal. The general objection did not give the trial court an opportunity to consider and rule on the question of certification and attestation nor did it afford the offering party an opportunity to correct this formal defect, if any existed.
Mr. Trembly contends the Ohio Court order of June 27, 1956, is not a final order entitled to full faith and credit in South Dakota because of his pending motion for a new trial. He asserts the mere filing of a motion for new trial operates as a stay of execution but fails to buttress his assertion with the citation of supporting pertinent Ohio statutes on decisions. We believe the law of Ohio, in this regard, follows the general rule that in the absence of an order of the court to that effect, a motion for a new trial does not stay or suspend the operation of a final judgment or operate per se as a stay of execution on the judgment. 39 Am.Jur., New Trial, § 200, p. 198; Annotation 121 A.L.R. 686. In construing Sections 11578 and 11601-1 of the General Code the Ohio Court said, "It is our interpretation that where a trial is held without the intervention of a jury the stay of execution is left to the discretion of the trial court and on such conditions and for such security as the trial court, in its judgment, may deem proper." Jolley v. Martin Bros. Box Co., Ohio App., 99 N.E.2d 675, 676. In the present case the Court of Common Pleas of Belmont County did not grant a stay of execution nor did Mr. Trembly file a supersedeas bond, or bond of any kind, in that court.
As the mere filing of a motion for new trial would not suspend the operation or effect of the Ohio Court's custodial order of June 27, 1956, it was enforceable in that state. Consequently it is entitled to recognition and enforcement in South Dakota under the Full Faith and Credit clause of the United States Constitution. Art. IV, § 1. Where the court of a foreign state retains continuing jurisdiction over the parties and minor children involved in a divorce action its subsequent order modifying the original divorce decree with reference to the custody of the minor children is entitled to the same extra-territorial effect as the original decree. See Annotations 20 A.L.R. 820; 72 A.L.R. 448; 116 A.L.R. 1305; and 160 A.L.R. 408.
Both parents alleged it would be for the best interest and welfare of the minor child to be in their respective custody. Also each alleged the other was *797 unfit to have custody. In view of these allegations appellant contends the trial court erred in excluding all testimony regarding the merits of the child's custody. We find no error in the court's ruling. The question was recently decided by this Court in the case of Application of Habeck, 75 S.D. 535, 69 N.W.2d 353, 357. A modified decree of divorce entered by the North Dakota Court awarding custody to the mother was held to be res adjudicata in South Dakota in the absence of a change in circumstances affecting the welfare of the children. The Court said: "* * * the paramount and controlling issue in a contest concerning the custody of minor children is their best interest and welfare. Tompkins v. Lutheran Welfare Society of South Dakota, 74 S.D. 286, 52 N.W.2d 99; Sweeney v. Joneson, 75 S.D. 213, 63 N.W.2d 249. It is well settled, however, that after a court has heard evidence with reference to the custody of minor children and ruled upon the question the jurisdiction of the court cannot again be invoked to inquire into the same or other facts existing at the time or prior to the former decree. The rule is that there must be a change of circumstances arising after entry of the former decree to justify a modification. Matthews v. Matthews, 71 S.D. 115, 22 N.W.2d 27. Under the doctrine of comity prevailing among the states the same rule of finality applies; the provisions of a divorce decree in another state awarding custody, except as fraud or want of jurisdiction may affect their validity, are to be given full effect under the circumstances existing at the time of the entry of the decree. See Annotations in 20 A.L.R. 815; 72 A.L.R. 441; 116 A.L.R. 1299; and 160 A.L.R. 400." See also People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133; Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008.
Accordingly, the trial court properly refused to relitigate the merits of the child's custody in the absence of an allegation, or offer of proof, of a substantial change in circumstances affecting the welfare of the minor child, or the fitness of the parties to have her custody, since the date of the Ohio Court's custodial order. In the absence of such allegation, or offer of proof, the foreign decree was entitled to the full faith and credit given to it by the trial court.
Affirmed.
ROBERTS, SMITH and BIEGELMEIER, JJ., concur.
RENTTO, J., dissents.
RENTTO, Judge (dissenting).
The writ was sought by the mother on the ground that the June 27, 1956, order of the Ohio court is entitled to full faith and credit in the courts of this state. An examination of that document indicates that it was entered to give effect to an agreement of the parties concerning the custody of this child which they made on October 14, 1954. It seems to me that under these circumstances the 1956 order, if it adjudicated the best interest and welfare of the child, did so as of the date of the divorce which was February 4, 1955.
The majority opinion refers to the "opinion and decision" portion of Exhibit A as containing the findings on which the 1956 order was entered. I do not share this view. As I see it the factual basis for the 1956 order was the prior agreement of the parties. In fact, I seriously doubt that such opinion and decision is properly before us. When Exhibit A was offered in evidence there was objection to the "opinion and decision" portion of it. In admitting the Exhibit the trial court said: "I don't think there is anything before me, except the Judge's Order, and I will admit it on that basis."
Under the general rule custody decrees of a sister state are given full faith and credit only as to the circumstances existing *798 at the time such decree was entered. As to those circumstances it is final. This is the rule announced in Application of Habeck, 75 S.D. 535, 69 N.W.2d 353. It seems to me that the trial court in hearing this matter on April 10, 1958, was faced with circumstances substantially different from those that the Ohio court passed on.
At the time these parties stipulated as to the custody of this little girl she was about three years of age. When the hearing was held she was about seven years old. In the meantime both her mother and father had remarried and established new homes. Also her father suffered a serious coronary thrombosis just prior to the hearing of this matter. In fact, the trial was delayed a month because of it. In view of these changes in circumstances I feel that the Ohio order was not entitled to full faith and credit in this proceeding.
At the trial the father requested permission to submit testimony "in reference to the merits of the custody of the child". The mother made no objection and stated that she too was prepared to submit testimony on this issue. The father's request was denied because his affidavit contained no allegation of substantial change in circumstances and he made no oral request to show such changed circumstances. For this same reason the court refused to hear the testimony which the mother was prepared to submit. It is true that the father's return did not contain such allegations in so many words, yet the changes which I have enumerated were all before the trial court. In addition the return filed by the father urged that the writ should not issue because "the best interest and welfare of said child requires that her care and control be continued in" him.
Obviously it would have been better pleading to have set out these changed circumstances in the return. Nevertheless it seems to me that an inquiry into the best interest and welfare of this little girl, regardless of which parent prevailed, is too important a concern to be denied because of inartistic pleading. By SDC 33.0915 our courts, when attempting to determine the effect of a pleading, are admonished to construe it liberally with a view of substantial justice between the parties. I think this liberality should be indulged to its greatest length in a proceeding of this kind.
As I see it the order being reviewed is, under our rule, res judicata as to the present welfare of this child because that is a matter which could have been presented on this hearing. Ex parte Watt, 73 S.D. 436, 44 N.W.2d 119; see also Wellnitz v. Wellnitz, 71 S.D. 430, 25 N.W.2d 458 and Application of Habeck, supra. Even though the present arrangement should prove detrimental to the child, it cannot be altered unless and until there is a subsequent change in circumstances. The harshness of this rule is added reason why an inquiry into custody decrees should not be denied except in clear and compelling circumstances.
In many jurisdictions the courts have tempered such harshness by permitting the re-opening of custody decrees in the absence of a claim of subsequent changes for the consideration of matters in existence but not considered in the original proceeding. Annotation 9 A.L.R.2d 623; Casteel v. Casteel, 45 N.J.Super. 338, 132 A.2d 529. They seem to regard this salutary view especially applicable in those cases where the decree was entered on agreement of the parties. All too often in those situations the matter of the child's welfare is of little importance when the agreement is being made.
I would reverse.