STATE, Respondent v. GAYTON, Appellant

(155 N.W.2d 919)

(File No. 10379.  Opinion filed January 24, 1968)

**David F. Sieler** and **R. James Brennan,** Pennington County States Atty., Rapid City, and **Walter W. Andre,** Asst. Atty. Gen., Pierre, for respondent, **Frank L. Farrar,** Pierre, on the brief.

**Frank E. Henderson,** Rapid City, for defendant and appellant, Gayton.

BIEGELMEIER, Judge.

Defendant Gayton was charged with the murder of C. F. Thorn. The jury found him guilty of manslaughter in the first degree and he appeals. He also appears in this court by counsel other than the one who represented him in prior proceedings. The facts generally as well as the proceedings taken appear in State v. Buffalo Chief, 83 S.D. 131, 155 N.W.2d 914, decided this day. Gayton was shown to be a weight lifter and athletically inclined; testifying in his own behalf he admitted having been in several fights, one of which resulted in a plea of guilty of disturbing the peace, and also a prior felony conviction. Many of the assignments of error in this appeal and arguments thereunder are those discussed in Buffalo Chief so neither the facts nor the opinions on those questions will be repeated here.

■ Instruction 22 advised the jury of its right to find a verdict of guilty for a lesser included offense rather than murder if it so concluded under the law as stated in the instruction. This instruction is set out in Point Three and some claim made it is erroneously worded. No objection was made or exception taken to this or any of the instructions and there is no assignment of error, nor could there be one, challenging it. State v. Poppenga, 76 S.D. 592, 83 N.W.2d 518. It became the law of the case. State v. Zobel, 81 S.D. 260, 134 N.W.2d 101. Other argument made under this point, that the court erred in submitting the murder charge to the jury and in not reducing the counts to manslaughter, have been determined adversely to defendant in the Buffalo Chief opinion.

■ Point Four refers to the denial of a motion for a mistrial on behalf of Gayton because Buffalo Chief was asked if he had been convicted of the crime of public intoxication. Defend-

ant's counsel said "we are going to object to this", but gave no reason for it and then moved for a mistrial. The motion was denied, the objection sustained and the jury advised to disregard the question. In the opening statement defense counsel had stated Buffalo Chief was a "peace-loving" type of person, had been in trouble before, but was not the kind to pick a fight. On direct examination he testified he had been in fights and in trouble with the law on a number of occasions; he became involved in them by going to the bars; on cross-examination he admitted he had been drinking that day and when he did some drinking he got into trouble. Asked how many times this drinking had gotten him into trouble, he could not say. The question objected to followed. With this affinity of drinking and trouble there was some basis for asking the question and the mere asking was not prejudicial conduct. Where a defendant claimed he was a law-abiding citizen it was held proper to show on cross-examination he had pled guilty to petit larceny. State v. Johnson, 81 S.D. 600, 139 N.W.2d 232. See also State v. Flack, 77 S.D. 176, 89 N.W.2d 30. Defendant asks the court to overrule Johnson. However, the same question is not here involved. There the defendant claimed error as to the question asked him; here Gayton is claiming the error not as to a question asked him but asked Buffalo Chief. It is difficult to discover how this question asked defendant Buffalo Chief should prejudice Gayton and we conclude it did not.

■ Complaint is also made of remarks by the prosecuting officers in their arguments to the jury. Counsel asked for a mistrial as to two of the statements, but no admonition was requested. See State v. Husman, 66 S.D. 530, 287 N.W. 30. The court denied a mistrial and admonished the jury to be guided by the evidence; as to other argument the remarks were fair comment and not prejudicial error.

■ Under Point Six it is claimed the court erred in admitting testimony of Irma Fast Horse. No objection was made to this evidence and the trial court made no decision of any question of law subject to review. See Sections 34.4002(6), 34.4007 and 34.4109, South Dakota Code of 1939; Application of Heintz,

78 S.D. 188, 99 N.W.2d 794. The judgment appealed from is therefore affirmed.

All the Judges concur.