STATE, Respondent v. HALVERSON, Appellant

(203 N.W.2d 421)

(File No. 10822. Opinion filed January 10, 1973)

Gordon Mydland, Atty. Gen., **A. H. Shuster, Walter W. Andre**, Asst. Attys. Gen., Pierre, for plaintiff and respondent.

**John W. Keller,** Chamberlain, for defendant and appellant.

DOYLE, Justice.

This appeal is from a conviction for driving while under the influence of intoxicating liquor and a supplemental information charging a third offense. Upon a jury conviction of guilty, the defendant was sentenced to a term in the South Dakota penitentiary and he appeals.

The defendant was arrested on August 30, 1968, by a member of the South Dakota Highway Patrol for driving under the influence of intoxicating liquor. After his arrest the defendant was taken by the arresting officer to a Chamberlain, South Dakota hospital where a blood sample was taken by a *Registered Nurse.* The blood sample was taken at the request of the officer and with the defendant's consent.

The defendant's blood sample was forwarded to the South Dakota State Chemical Laboratory at Vermillion, South Dakota, where an analysis to determine the blood alcohol content was made by the state chemist who testified at the trial with regard to the procedures followed in connection with the analysis of said blood sample. The report of the State Chemical Laboratory showing defendant's blood sample to have an alcoholic content of 0.16 by weight was offered and received as evidence over defendant's objection, which is summarized as follows:

(a) Doubt as to the integrity of the sample;

(b) An unknown period of time between the arrest of the defendant and the taking of the blood sample;

(c) And no showing as to the relation of the test and the condition of the defendant at the time he was arrested some two hours prior to the taking of the test.

The court refused to instruct the jury as to the effect of defendant's blood alcohol test under the South Dakota Presump-

tion Statute SDCL 32-23-7 for the stated reason that a Registered Nurse was not a person authorized to withdraw blood under SDCL 32-23-14. The defendant made no exceptions or objections to the court's instructions as given and no instructions were requested by the defendant.

Defendant contends that the court erred in admitting into evidence the state's Exhibit Three (the report of the results of defendant's blood alcohol test) over objection by defense, particularly in view of the court's refusal to instruct relative to implied consent and presumption.

In the posture of this record we do not reach the error assigned. The defendant now argues that the court erred in the admission of Exhibit Three for the reason that the blood sample was withdrawn by a Registered Nurse. The record reflects no objection to the introduction of the evidence on that ground. An objection not interposed at the trial will not be considered for the first time on appeal, Application of Heintz, 78 S.D. 188, 99 N.W.2d 794, and State v. Hermandson, 84 S.D. 208, 169 N.W.2d 255.

Where no exceptions or objections were made by the defendant to any instructions of the court and the defendant proposed no instructions, there is no question concerning the instructions before the Supreme Court on appeal. SDCL 15-6-51 (b), Keller v. Merkel, 73 S.D. 477, 44 N.W.2d 208.

Affirmed.

All the Justices concur.