STATE of South Dakota, Plaintiff
and Respondent,

v.

John E. MILLER, Defendant
and Appellant.

No. 11824.

Supreme Court of South Dakota.

Dec. 31, 1976.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Randal E. Connelly, Rapid City, for defendant and appellant.

BRAITHWAITE, Circuit Judge.

In the early morning hours of Saturday, April 18, 1975, Mary Lou Mauch arrived at her home alone. As she went to open her door, a man wearing a face mask and carrying a knife appeared and, in the course of forcing his way into her house, cut her on

the hand. Once inside the house, he compelled her to have intercourse with him. He then left and ran across the street and through a neighbor's yard.

The defendant was later arrested and charged with the crimes of assault with a dangerous weapon and second degree rape. He was tried and convicted pursuant to jury verdicts of guilty on both counts. Judgment was entered on December 23, 1975. Defendant then took this appeal, attacking the validity of those convictions on several grounds.

## RIGHT TO COUNSEL AT PHOTO LINE–UP

An out-of-court identification of the defendant by Steven Peters, a cabdriver who had taken a fare to the vicinity of the victim's house, was made on a photographic display conducted by the prosecution the night before trial was scheduled to commence. It was conducted without notice to or presence of defendant's counsel.

■■■ The United States Supreme Court has held that the right to counsel does not extend to photographic line-ups. *United States v. Ash*, 1973, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619. Defendant invites us to construe our state Constitution to the contrary. We decline. A photographic display used during the prosecutor's pretrial interviews of witnesses simply is not a trial-like adversary confrontation requiring the assistance of counsel. No one would suggest that there is a right to defense counsel's presence during a prosecutor's witness interviews, though they are fraught with as many dangers for a defendant as are photo line-ups. We rely on cross-examination in the trial arena to deal with those dangers. The adversary mechanism of trial remains as effective for a photo display as for other parts of pretrial interviews.

We are not unmindful of the Michigan cases holding that the right to counsel does not extend to photo displays. The position of the Michigan court, however, is not based on constitutional grounds but on the court's rule-making power. *People v. Jackson*, 1974, 391 Mich. 323, 217 N.W.2d 22.

## SUGGESTIVENESS OF PRETRIAL IDENTIFICATION PROCEDURES

■■■ Defendant also urges that the trial court erred in allowing the in-court identifications of defendant by Peters, Officer Chandler and Cecil McDonald because they were based on impermissibly suggestive pretrial identification procedures. The Supreme Court held in *Simmons v. United States*, 1968, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, that

"each case must be considered on its own facts, and * * * convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." 390 U.S. at 384, 88 S.Ct. at 971, 19 L.Ed.2d at 1253.

The same rule is applied by the Court when the pretrial identification is made at a police showup. *Neil v. Biggers*, 1972, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401.

■■■ We find that the pretrial photographic identification of the defendant by Peters was not so impermissibly suggestive that the in-court identification should be rendered inadmissible. The officers merely asked Peters if he remembered the person identified as "fare number 20" on the log for April 18 and 19, 1975, then handed him five or six photographs in a bunch and asked Peters if he recalled any of those people as being that fare. There was nothing unduly suggestive in the procedure used or in the photos themselves.

■■■ The pretrial identifications by Officer Chandler and Cecil McDonald, on the other hand, were not pretrial identification procedures as contemplated by the cases. The only time these witnesses saw the defendant between the date of the crime and the beginning of the trial was at a suppression hearing requested by the defendant. The reason underlying the exclusionary rule is to "police the police;" it does not apply to

a situation such as this one where defendant requests a pretrial hearing concerning identification, knowing witnesses will be there to attempt identification and where he will be represented by counsel.

## ADMISSION OF DEFENDANT'S PRETRIAL STATEMENT

■ Defendant argues in his brief that it was error to admit into evidence his pretrial statement given to the police because in it he invoked his right to remain silent. Defendant, however, neither objected to the admission at trial nor assigned it as error on this ground. We will, therefore, not consider the question on appeal. *State v. Gayton*, 1968, 83 S.D. 141, 155 N.W.2d 919.

## INSTRUCTION NO. 36

■ Prior to trial, a tape recorded statement taken from defendant was reduced to a typewritten transcript. Though not physically introduced at trial, it was read to the jury. The trial court's charge to the jury included Instructions Nos. 31 and 36 as follows:

"In this case the law raises no presumption against the defendant, but every presumption of the law is in favor of his innocence. He is not required to prove himself innocent, or put in any evidence at all upon that subject. The fact that the defendant has not testified in his case raises no presumption against him, and you must give no thought to the fact that the defendant did not testify in his own behalf in this case in arriving at your verdict."

"In this case testimony has been read to you from a transcript. You are to consider such testimony in the same light and in accordance with the same rules which you have been given as to testimony of witnesses who have testified here in Court."

These instructions are obviously in conflict; one tells the jury the defendant testified; the other says he did not. It was error to give Instruction 36, which is to be used only when the transcript is of a deposition or a prior proceeding. Such error, however, was harmless. The jury charge required that it weigh testimony upon certain factors; it was not required to do so with admissions. Defendant's statement was before the jury for its consideration; we can see no prejudice to the defendant if the jury considered it as testimony rather than as an out-of-court admission. If anything, it was to his benefit.

■ Defendant's claim that Instruction 36 violated his privilege against self-incrimination is unavailing. He voluntarily gave the statement and the transcript was read into the record without objection.

## ARRAIGNMENT AFTER JURY SWORN

During the deputy state's attorney's opening statement, defendant brought the fact that he had not entered a plea to the court's attention. The trial judge asked the defendant whether he wished to request a mistrial, be rearraigned, and proceed to trial at a later date. The deputy state's attorney advised that he would then consider charging the defendant with first degree rape rather than second degree rape. After conferring with counsel, defendant elected to proceed with the arraignment and trial at once, and this course was followed.

■ We find no error. A defendant cannot follow one course of strategy at the time of trial and, if that turns out to be unsatisfactory, complain that he should be discharged or given a new trial. *Cross v. State*, 1970, 45 Wis.2d 593, 173 N.W.2d 589.

## ADMISSIBILITY OF KNIFE

Defendant claims there was insufficient foundation for admission of a knife. Neighbors living across the street from the victim testified that they heard screams at about the time of the crime, saw lights come on in the victim's house, and saw a man run down her driveway, across the street, and past the window where the neighbor boy was watching. This was in the early morning hours on Saturday. On Sunday afternoon, a knife was found directly in the path taken by the man running across their yard. It "looked like it may

have had some blood on it" when it was found. During commission of the offense, the victim was cut with a knife.

 The evidence is sufficient to support admission of the knife. An instrument allegedly used in the commission of a crime is admissible if there is a reasonable inference that it is connected with either the defendant or the crime with which he is charged. *State v. Pickering*, 1974, S.D. 217 N.W.2d 877.

### SUFFICIENCY OF EVIDENCE

 Defendant also questions sufficiency of the evidence to sustain either of the two verdicts. It would serve no valid purpose to detail the evidence. We have read the record and find that though the evidence is wholly circumstantial each verdict is supported by competent evidence which fairly tends to sustain it.

We have considered defendant's other assignments of error and find them to be without merit. The judgment of the convictions is affirmed.

All the Justices concur.

BRAITHWAITE, Circuit Judge, sitting for ZASTROW, J., disqualified.