## Application of the AMERICAN STATE BANK, PIERRE, South Dakota, for a Bank Charter.

### No. 12028.

Supreme Court of South Dakota.

Argued March 24, 1977.

Decided June 2, 1977.

David A. Gerdes, of May, Adam, Gerdes & Thompson, Pierre, for appellants Interested Party Banks.

William J. Srstka, of Duncan, Olinger & Srstka, Pierre, for respondent American State Bank.

R. Van Johnson, Asst. Atty. Gen., Pierre, for State Banking Commission; William J. Janklow, Atty. Gen., Pierre, on the brief.

HALL, Circuit Judge.

The State Banking Commission (Commission), after hearing, granted a charter to the American State Bank, Pierre, South Dakota, to operate a state bank at Pierre. Existing banking institutions in the Pierre area appealed to the Circuit Court of the Sixth Judicial Circuit from the Commission's decision to grant the charter, and the circuit court affirmed the Commission. The appellants have appealed to this court from the decision of the circuit court. This court affirms the circuit court's decision.

Appellants advance two contentions: (1) Applicant failed to produce substantial evidence on which to base a finding as to the need for a bank in the Pierre-Fort Pierre area; and (2) Due process was denied appellants by the ruling of the Commission admitting the written report of the Director of the Division of Banking.

I.

The Commission, in deciding whether to grant an application for a bank charter, is bound by the Administrative Procedure Act, SDCL 1–26. *Valley State Bank of Canton v. Farmers State Bank*, 1973, 87 S.D. 614, 621, 213 N.W.2d 459, 463 (hereinafter referred to as Valley State Bank). To be sustained, the Commission's ruling must be supported by substantial evidence. *Valley State Bank,* 87 S.D. at 624, 213 N.W.2d at 465.

As provided by SDCL 1–26–36, this court may not substitute its judgment of the weight of the evidence for that of the Commission, and may reverse only if the findings, inferences, conclusions, or decisions are:

" * * *

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Appellants' first contention rests on two conclusions. First, they say a proper reading of *Valley State Bank* requires the production of substantial evidence on all factors set forth in SDCL 51–17–15, and that if any one of those factors is not established, the decision of the Commission must be reversed. Second, appellants say that there is a · lack of substantial evidence in the record to establish the inadequacy of existing facilities, and hence there is no "need" of the community for additional banking facilities (SDCL 51–17–15(4)), and, therefore, the decision of the Commission should be reversed. Both conclusions are erroneous under the guidelines established in *Valley State Bank*.

As stated in *Valley State Bank*, SDCL 51–17–15 sets forth factors which must be considered by the Commission in deciding whether to grant a charter. The statutory requirement is for the Commission to consider each of these factors in arriving at a decision based upon the evidence as a whole.

Whether the failure to adduce substantial evidence as to any one factor will prove fatal to an application can be determined only on a case by case basis, reviewing overall policy objectives and viewing the evidence as to all factors to decide whether the application is supported by substantial evidence. This decision must first be made by the Commission.

■ Among the relevant governing principles is the clear directive that banking is affected with a "public interest." *Valley State Bank*, supra, citing *Wall v. Fenner*, 1956, 76 S.D. 252, 76 N.W.2d 722. The overriding purpose of our banking laws is the protection and security of a bank's depositors and creditors. An application for an additional facility must be evaluated by weighing the possibility that an additional banking facility could so adversely affect the existing banking structure of the relevant area as to endanger the security of a significant group of depositors and creditors, against the policy of promoting beneficial competition in a free enterprise economy. If there is substantial evidence to support the decision of the Commission as to this evaluation, this court must affirm.

The policy for allowing competition has been succinctly stated:

"The banking laws are regulatory in nature, enacted for the protection of the public and are in no way designed to give exclusive benefits to institutions which have been granted a license to conduct the business of banking. And the law favors competition in banking." 1 Michie, Banks and Banking, Ch. 1, § 4.

A similar interpretation of "need" or parallel terms is apparent in the case law of this and other states. *Wall v. Fenner*, supra; *State v. State Securities Commission*, 1920, 145 Minn. 221, 176 N.W. 759; *Moran v. Nelson*, 1948, 322 Mich. 230, 33 N.W.2d 772; *State Banking Board v. Airline National Bank*, 1966, Tex.Civ.App., 398 S.W.2d 805; *Application of Howard Savings Inst. of Newark*, 1960, 32 N.J. 29, 159 A.2d 113.

■ Appellants premise their challenge to the "need" factor on the absence of evidence to show that existing facilities are inadequate. Respondents, throughout these proceedings, have eschewed any obligation to prove such inadequacy in order to establish "need." While the adequacy of existing facilities must be considered, the mere fact that existing facilities are adequate does not mean that justification for another bank may not exist. *Wall v. Fenner*, 76 S.D. at 258–259, 76 N.W.2d at 726; *Moran v. Nelson*, supra. Adequacy of existing facilities is merely one factor in the overall evaluation process. The requirement of substantial evidence attaches to the overall decision of the Commission, not necessarily to any one factor being considered.

■ It is not necessary to decide now whether a failure to establish the "need" of

the community for additional banking facilities is a fatal defect since we find the instant record sufficient as to this factor. Indeed, the entire factual setting of the instant case is significantly different from that in *Valley State Bank.*

In *Valley State Bank* a charter had been disapproved four years earlier with only negative economic factors in the interim. Canton had lost an educational institution with a half-million dollar annual volume; a large implement dealer had moved out of town; extensive crop losses had occurred; a population decline was apparent. The source of money for the new bank was not substantiated, nor was the alleged need for competition supported by substantial evidence. The record contained mere intimations rather than hard facts. An adverse effect upon the public interest was the probable result; there was no offsetting evidence as to any beneficial aspects increased competition might bring.

In the instant case, the Commission had before it evidence of a prosperous and growing economy in the Pierre-Fort Pierre area. State government provides stability for the area. There was no evidence of a decline in its proportions; the conflict was over its rate of growth. While there was some disagreement as to the effect the recent drought has had on agriculture and ranching, the area's other key economic factor, there was substantial evidence as to its growth and prospects from which the Commission could have reasonably drawn a favorable conclusion. The witnesses agreed on such facts as the population increase in the Pierre-Fort Pierre complex; that Pierre has perhaps the highest per capita income in the state; that income has grown even in constant dollars; and that even if a new bank were authorized, the population per bank in Hughes County would still be above the statewide average.

· Significantly, more than one witness called by the existing banks tacitly or directly admitted a less than fully competitive situation among existing facilities in certain areas. Several also agreed that competition could be healthy for the area.

One area banker, while agreeing that existing banks have generally prospered, indicated he was receiving a twenty-percent return on his equity investment. A Pierre banker testified that his bank has paid three percent on its passbook savings accounts for the past six or eight years; agreed his bank was not fully competitive on consumer loans and home loans; and believed a new bank would not jeopardize existing banks and could possibly benefit the community by bringing in more money.

The applicant demonstrated a potential source of deposits by its paid-in capitalization of one million, one hundred thousand dollars—the largest capitalization for a new state bank on record.

In the face of this and similar testimony, it is impossible for this court to conclude that the Commission acted in the absence of substantial evidence as to any of the factors listed in SDCL 51–17–15. The overall evaluation of the application is supported by ample evidence.

## II.

Appellants' second ground for appeal concerns the admission into evidence of the report prepared by the Director of Banking and Finance. The Director is required to conduct an investigation leading to such a report. SDCL 51–17–15. Appellants urge a violation of due process by being denied an opportunity to review the testimony of the unnamed individuals who prepared materials contained therein.

Appellants' argument has no basis in the record before this court. While claiming an inability to confront its authors, never do the appellants show where a formal objection to its admission was made. Furthermore, there was no request to ascertain any of the details behind the facts, figures and statements recited therein. No subpoenas were requested to compel appearances; no continuance was requested to prepare a response if the report surprised the appellants. The report consists primarily of figures on housing permits, construction starts, financial summaries of area banks, and similar statistics. Nearly all of this is

readily available to the public and subject to relatively rapid review for accuracy. The report appears to have been served upon appellants two to three days prior to the hearing. The opinions expressed therein dealt with subjects the appellants' witnesses were in the best position to refute, and did, in fact, so testify.

▮ Appellants' only claim to making a timely objection consists of a proposed finding of fact which was submitted to the Commission after the hearing, and rejected by the Commission. No authority is cited to support appellants' position. This court holds that an objection first formally made in a proposed finding to an administrative agency after a hearing does not preserve such objection for appeal. See, *Application of Heintz,* 1959, 78 S.D. 188, 99 N.W.2d 794; *Arbach v. Gruba,* 1975, S.D., 232 N.W.2d 842; *State v. Halverson,* 1973, 87 S.D. 110, 203 N.W.2d 421; *State v. Hermandson,* 1969, 84 S.D. 208, 169 N.W.2d 255; *State v. Gayton,* 1968, 83 S.D. 141, 155 N.W.2d 919. Having acquiesced in the admission of the challenged materials at the hearing, they are estopped to object before an appellate court. There is no violation of due process under these facts.

Affirmed.

ZASTROW and MORGAN, JJ., and WUEST and WILDS, Circuit Judges, concur.

HALL, Circuit Judge, sitting for DUNN, C. J., disqualified.

WUEST, Circuit Judge, sitting for WOLLMAN, J., disqualified.

WILDS, Circuit Judge, sitting for PORTER, J., disqualified.