John E. MILLER, Petitioner
and Appellant,

v.

STATE of South Dakota, Respondent
and Appellee.

No. 14123.

Supreme Court of South Dakota.

Considered on Briefs Dec. 2, 1983.

Decided Jan. 25, 1984.

John E. Miller, Sioux Falls, pro se.

James D. Leach, Rapid City, for petitioner and appellant.

Thomas H. Harmon, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

This appeal arises from a petition for post-conviction relief filed by appellant John Miller (Miller). The trial court denied relief and Miller appeals. We affirm.

On October 24, 1975, Miller was charged with second-degree rape and assault with a dangerous weapon in the beating and rape of a Rapid City woman (victim). In the attack, the victim also received a knife wound in her hand. Miller was convicted by a jury on December 4, 1975, and was sentenced to twenty-five years in the South Dakota State Penitentiary. On direct appeal, this court affirmed Miller's conviction. *State v. Miller*, 248 N.W.2d 874 (S.D.1976). Miller filed his first petition for post-convic-

tion relief in June 1978. After a hearing on February 12, 1979, the trial court denied relief on October 16, 1980 and refused to issue a certificate of probable cause for appeal. Ergo that petition is not before this court on this appeal. Miller filed a second petition for post-conviction relief on December 1, 1981.[1] An evidentiary hearing was held on December 6, 1982, and subsequently the trial court denied relief. The trial court granted a certificate of probable cause and Miller appeals.

Through counsel, Miller raises two issues: (1) that his right to due process was violated by the prosecutor's threat to charge Miller with a more serious offense if Miller received a mistrial; and (2) that his right to due process and effective assistance of counsel were violated by counsel's failure to inform him of mistrial rights and failure to admit evidence of certain laboratory tests. Without his counsel's approval or assistance, Miller personally raises a third issue that the trial judge deprived Miller of his right to effective assistance of counsel.

This court's standard of review in post-conviction proceedings, as stated in *Miller v. State*, 338 N.W.2d 673 (S.D.1983), is that:

A post-conviction proceeding is not a substitute for a direct appeal. *See Rauscher v. State*, 292 N.W.2d 106 (S.D. 1980). The burden of establishing a basis for post-conviction relief rests upon a petitioner. *State v. Roth*, 84 S.D. 44, 166 N.W.2d 564 (1969). The court must make specific findings of fact, and state expressly its conclusions of law on each issue presented. SDCL 23A–34–18. On appeal, this court cannot disturb such findings unless they are clearly erroneous. SDCL 15–6–52(a); *Gregory v. State*, 325 N.W.2d 297 (S.D.1982); *Spirit Track v. State*, 272 N.W.2d 803 (S.D. 1978).

338 N.W.2d at 675.

The occasion for mistrial arose when, at the outset of the trial, it came to the trial

---

1. SDCL ch. 23A–34 which provided for post-conviction proceedings was repealed by 1983 S.D. Sess.L. ch. 169 § 15.

court's attention that Miller had never formally entered a plea to the information. The record reflects that at the arraignment Miller requested a change of counsel. Subsequently, there was a series of discussions between the trial court, counsel, and Miller. Trial court pointed out that, although the conduct gave rise to a presumption of entry of a not guilty plea, Miller could request a mistrial. Miller waived his right to a mistrial. Miller did not at that time nor at any subsequent time claim prejudice by this procedural failure.[2]

■■■■ Miller's first claim is that the prosecutor's threat to charge him with a much more serious offense, if he exercised his right to have a mistrial declared, deprived Miller of due process of law guaranteed by South Dakota Const. art. VI, § 2, and by the United States Const. amend. 14.[3] As noted above, this court has established the rule that issues presented to the court on direct appeal may not be presented again in a post-conviction proceeding. *Geelan v. State*, 85 S.D. 346, 182 N.W.2d 311 (1970); *State v. Roth*, 84 S.D. 44, 166 N.W.2d 564 (1969). On the direct appeal, Miller's brief argued this same contention for five pages. Further, in *State v. Miller*, *supra*, this court alluded to this very issue, although not in great detail. 248 N.W.2d at 877. Below, the trial court entered the following findings:

### VI.

There is no evidence to support any allegation by the Petitioner of threats off the record by the prosecuting attorney to the Defendant.

**2.** By our ruling here, we do not intend to approve of the failure of the State to comply with procedure. That aspect of the case is simply not before us.

**3.** S.D. Const. art. VI, § 2, states, in pertinent part: "No person shall be deprived of life, liberty or property without due process of law." U.S. Const. amend. 14 provides, in pertinent part: "[Nor] shall any state deprive any person of life, liberty or property, without due process of law . . . ."

### VII.

The allegation of the prosecuting attorney's amending the charge to First Degree Rape rather than Second Degree Rape was briefed by the Defendant's attorneys on his direct appeal to the Supreme Court of the State of South Dakota and that the issue was brought before the Supreme Court in *State vs. Miller*, 248 NW2d 874, 877 (1976).

. . . .

### X.

Petitioner's Appeal counsel on Direct Appeal and on prior Post-Conviction proceedings devoted considerable time and effort to the matters and clearly protected the Defendant's Constitutional Rights.

. . . .

### XVI.

There were no threats by the prosecuting attorney at the trial [or in] private, off the record conversations between the Defendant and the prosecuting attorney.

These findings are not clearly erroneous from the record. Since this court addressed this issue on direct appeal, this court will not again address it in this proceeding.

The next issue is whether Miller's due process right was violated by ineffective assistance of counsel.[4] Miller argues that his counsel failed to provide effective assistance of counsel by giving inadequate advice regarding the mistrial and by failing to introduce evidence of the FBI laboratory reports. Regarding this issue, the court below found:

**4.** The Sixth Amendment to the United States Constitution states: "In all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for this defense.

Article VI, § 7 of the South Dakota Constitution states: "In all criminal prosecutions the accused shall have the right to defend in person and by counsel . . . ."

## VIII.

There are no facts to support Petitioner's allegation that his trial counsel was incompetent or that his counsel on appeal was incompetent in any manner.

## IX.

The trial counsel devoted considerable time and effort in the preparation of a defense and protected the Defendant's rights to a high degree during the trial. In *Miller v. State, supra,* this court held: Every defendant in a criminal prosecution has a constitutional right to counsel. In *Grooms v. State,* 320 N.W.2d 149 (S.D.1982), this court held that when reviewing the issue of ineffective assistance of counsel: (1) an attorney is presumed competent; and (2) the party alleging incompetency has a heavy burden of establishing ineffective assistance of counsel. Additionally, the petitioner attempting to show ineffective counsel must also demonstrate that he was prejudiced by the alleged ineffective assistance. *State v. Pieschke,* 262 N.W.2d 40 (S.D.1978).

338 N.W.2d at 677 (footnote omitted).

Miller's counsel on appeal contends that a prosecutor is precluded from filing a more serious charge in the event of a mistrial and therefore Miller's trial counsel was incorrect when he advised Miller not to seek a mistrial. In support of this contention, Miller cites *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); and *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

■ We disagree. The Supreme Court's most recent examinations of this principle are in *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) and *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). In *Goodwin,* the Court discussed each of the cases cited by Miller. The cases Miller cited all deal with allegations of vindictiveness made in a post-trial setting. From those cases the general rule arose that "in certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to 'presume' an improper vindictive motive." 457 U.S. at 373, 102 S.Ct. at 2489. Such a presumption, however, arises "only in cases in which a reasonable likelihood of vindictiveness exists." *Id.*

In contrast, *Goodwin* and *Bordenkircher* parallel this case and deal with allegations of vindictiveness that arose in a pretrial setting. In *Goodwin,* the Court held that the presumption of an improper vindictive motive does not generally arise in a pretrial setting for two reasons. First, a "prosecutor's assessment of the proper extent of prosecution may not have crystalized," 457 U.S. at 381, 102 S.Ct. at 2493, and in preparation for trial the prosecutor may discover additional evidence suggesting a further basis for prosecution. Second, at this point in the proceedings defendants invoke certain procedural rights, such as suppression of evidence, or plead affirmative defenses. "It is unrealistic to assume that a prosecutor's probable response to such [procedural] motions is to seek to penalize and to deter." *Id.* Where these factors are present, this presumption does not arise.

■ Both of these factors are present in the case before us. According to the record, additional evidence in the form of a taxi driver was discovered only shortly before the trial. Further, a new prosecutor was appointed shortly before trial and from his review of the case he believed that a more serious charge of first-degree rape should have been filed. Considering the additional evidence and the recent appointment of the prosecutor, the extent of prosecution had not been determined when the original charge was filed. Additionally, the failure giving rise to the right to request a mistrial was the lack of formally entering a plea to the information. This right has foundation in the due process clause of our

constitution, S.D. Const. art. VI, § 2; *see* S.D. Const. art. VI, §§ 7, 10, and is a procedural right which no prosecutor would begrudge a defendant. *Goodwin, supra.* Under the circumstances before us, it is unrealistic to argue that this prosecutor's response to the possibility of a mistrial, based upon failure to formally enter a plea to the information, was vindictive in nature. Under these circumstances, the prosecutor was not motivated by vindictiveness, and he could have filed the more serious charge of rape in the first degree against Miller.

A first-degree rape conviction could result in life imprisonment while the maximum sentence under second-degree rape was twenty years. SDCL 22–22–1 (1975); SDCL 22–6–1 (1975). Considering this, Miller's counsel advised him it was in his best interest to refrain from seeking a mistrial. In an in-chambers discussion regarding mistrial, the following exchange occurred:

> COURT: ... I want to suggest to you that I don't want any suggestion of any coercion or feeling of coercion at this time.
>
> DEFENDANT: One way I'm looking at a hundred, the other way ten.
>
> COURT: The State has indicated it seeks to pursue this, I want you to be aware there is a question of legal possibilities and I want you to consider the ramifications, and I would have to pick those up at the appropriate time. That's up to you.
>
> DEFENDANT: I don't want to anger the Court. I don't care.
>
> COURT: The Court has never taken an exception to an individual exercising his constitutional rights.
>
> DEFENDANT: Let's go to trial and hope for the best.
>
> COURT: You wish to proceed with trial at this time?
>
> DEFENDANT: Yeah, I guess so.

It is apparent from this exchange that the court did not want Miller to feel coerced. It is further apparent that Miller's counsel advised him of the difference in length of sentence between these two charges. The advice of Miller's counsel was accurate. Since Miller fails to show that he was not properly advised, his contention of ineffective assistance of counsel fails.

Miller also argues ineffective assistance of counsel based upon his counsel's failure to offer evidence of F.B.I. laboratory tests on Miller's clothing. The test results showed no hairs, no textile fibers, and no soils on Miller's clothing. Blood tests showed blood on the victim's clothing, but no blood on Miller's clothing. Given the one-week to one-month period between the crime and the lab tests on Miller's clothing, and considering the opportunity to wash and dry-clean the clothing in that time, the absence of blood is rather insignificant.

These tests are not exculpatory, as Miller claims; they neither place someone different at the crime scene nor prove Miller was not at the crime scene. If, for example, these tests proved the existence of hair samples or textile fibers on the victim's blanket or clothing which did not match either the victim or Miller, then the tests may have been exculpatory. These tests, however, showed nothing. Such test results are neutral, not exculpatory.

The rule is that this court will not attempt to second guess a tactical decision of trial counsel. *Grooms v. State*, 320 N.W.2d 149 (S.D.1982). To show ineffective assistance of counsel, Miller must demonstrate prejudice. *See State v. Pieschke*, 262 N.W.2d 40 (S.D.1978). Since these test results were neutral—showing neither guilt nor innocence—Miller cannot claim prejudice by their nonadmission at trial. Clearly, Miller has not met his burden of showing ineffective assistance of counsel.

Finally, we examine Miller's pro se argument that the trial judge violated Miller's right to effective assistance of counsel by appointment of an inexperienced criminal trial attorney. Miller claims he requested counsel with experience in felony trial work. The counsel appointed by the trial judge did not have the amount of experience Miller desired.

In reviewing this claim below, the court found:

## XI.

There are no facts to support Petitioner's pro se allegation that [it] was improper for Mr. Connelly to be appointed to represented (sic) Petitioner on Appeal.

## XII.

There are no facts to support the Petitioner's pro se allegation that the Defendant received ineffective assistance of counsel by Mr. Connelly failing to argue Petitioner's claim of ineffective assistance of counsel by Mr. Olson.

## XIII.

There are no facts presented in support of Petitioner's pro se allegation that the Honorable Merton B. Tice, Jr. abused his descretion (sic) in the appointment of Mr. Olson to represent the Defendant at trial.

## XIV.

There are no facts to support Petitioner's pro se allegation that the Honorable Merton B. Tice, Jr. abused his discretion or caused the Defendant to receive ineffective assistance of counsel by appointing Mr. Connelly to represent the Defendant on Appeal to the South Dakota Supreme Court.

## XV.

The Defendant's trial handled by Mr. Olson was well tried and well argued and the Defendant's Post-Conviction proceedings including his direct Appeal and prior Post-Conviction proceedings was well tried and well argued and well briefed by the Defendant's counsel.

■ On appeal, this court reviews these findings in light of the "clearly erroneous" standard. On the record, the trial counsel admits this was his first serious felony trial. In raising this argument, however, Miller fails to point to even one error by his trial counsel. Further, the record, including the trial transcript, does not reveal error by trial counsel. Even considering, for the sake of argument, that the trial court may have erred in appointing this trial counsel, there is no indication of any prejudice to Miller. Miller has failed to meet his burden of showing abuse of trial court's discretion in appointing this trial counsel.

We affirm.

All the Justices concur.